PEOPLE v. SEGAL.

1. CRIMINAL LAW—WITNESSES—INDORSEMENT ON INFORMATION.
   Although the prosecuting attorney should indorse on the information names of witnesses who are material, in a prosecution for obtaining money under false pretenses, it was not erroneous to permit the prosecuting officer, who notified the counsel for respondent on the day after he learned their names that he intended to apply for leave to add to the information names of witnesses who, on the trial, gave testimony relative to matters brought out by other witnesses at the preliminary examination.

2. SAME—EVIDENCE—FALSE PRETENSES.
   Evidence that the accused owed $300 upon a previous trans-action with the complaining witness, who made a second loan of $500 on representations of respondent that he wanted the money to engage in a deal from which he ex-pected to derive large profits, was not improperly admitted on the trial, as bearing on the matter of intent.

3. SAME—FRAUD.
　　Testimony that the respondent claimed to own three car loads of potatoes, which he did not, in fact, have, tended to support the charge that he obtained the loan by false pretenses.

4. SAME—FALSE REPRESENTATIONS.
　　The false pretenses must refer to some existing fact, and statements concerning what would occur in the future are not a sufficient basis for the charge.

5. SAME.
　　Evidence *held* to present a question of fact as to the making of false representations and as to respondent's intent to deceive.

Exceptions before sentence from the superior court of Grand Rapids; Stuart, J. Submitted January 29, 1914. (Docket No. 137.) Decided April 7, 1914.

Harry Segal was convicted of obtaining money by false pretenses. Affirmed.

*Grant Fellows,* Attorney General, *Earl F. Phelps,* Prosecuting Attorney, and *Louis T. Herman,* Assistant Prosecuting Attorney, for the people.

*Edward N. Barnard,* for respondent.

BROOKE, J. Respondent stands convicted of having obtained the sum of $500 under false pretenses from one Josephine Klepeck. The facts as testified to by witnesses on behalf of the people are as follows: Respondent was acquainted with and lived near Mrs. Klepeck on the same street in Grand Rapids. On March 13, 1909, he went to her and represented to her that he then had three car loads of potatoes which he wished to ship to a rabbi in San Francisco; that he needed $500 to complete the shipment; that he would make $3,000 out of the deal, and would return the $500 to her in three weeks. Two days later respondent moved away from the vicinity, and shortly thereafter moved to New York. Respondent denied

making any false representations, admitted having received the money and giving a note therefor, and admitted that he had paid nothing upon the note.

The first two assignments of error in the brief for respondent relate to the ruling of the circuit judge permitting the prosecuting attorney to add certain names to the information immediately preceding the opening of the trial. It appears that the prosecuting attorney was sworn and testified that he learned the names of the witnesses in question on the 14th of November, 1911, and notified respondent's attorney the following day that he would apply for leave to add the names to the information. The trial was started on the 17th of November. It appears to be the contention of the respondent that because the prosecuting attorney learned at the time of the examination that certain testimony would have to be supplied by witnesses other than those produced upon the examination, he should have ascertained the names of such necessary witnesses earlier than he did, and that it was error for the court to permit the indorsement of the names in question upon the showing made. The evidence which these witnesses were produced to give tended to show that the respondent had not, at any time near the time when he secured the money from Mrs. Klepeck, shipped three car loads of potatoes, or any other number of car loads of potatoes, out of the city of Grand Rapids. The same evidence was given at the examination, but was given by one whose knowledge was only gained through hearsay. It is apparent that the respondent was not surprised or prejudiced in any way by the order made. The rule as contended for in the brief of respondent's counsel is recognized, but we do not think it was applicable in the instant case.

It appears that in December, 1908, the complaining witness had loaned $300 to respondent and taken a

note therefor. This transaction occurred some three months prior to the $500 transaction upon which the prosecution of respondent is based. Error is assigned upon the statement made by the prosecuting attorney in his opening statement touching this note, and upon the ruling of the court in permitting it to be introduced in evidence. Respondent admitted that the $300 note, as well as the one for $500, was unpaid. Inasmuch as intent is one of the ingredients of the crime with which respondent stood charged, we are of opinion that the statement in question and the admission of the earlier note was not erroneous. *People* v. *Henssler,* 48 Mich. 49 (11 N. W. 804).

Error is assigned upon the refusal of the court to direct a verdict of not guilty, based upon the contention that the prosecution had not shown a false representation as to an existing fact or past event. Cases are cited on behalf of respondent which demonstrate the entire correctness of his position if the facts make them applicable. It is quite clear that all of the representations made by the respondent were not representations of an existing fact or past event. Some of them were representations as to what would occur in the future, and his promises in relation thereto. There is, however, one statement which clearly refers to an existing fact, and that is that respondent, at the time he applied to Mrs. Klepeck for the loan, was the owner of three car loads of potatoes. Where several false representations are made, one or more of them referring to existing facts or past events, while others refer to future events, it is sufficient to warrant a conviction if the people can show a false representation as to an existing fact, if that false representation was a part of the moving cause which induced the complaining witness to part with her money.

It is urged that to constitute the offense three things must concur: The intent to defraud, a false pretense,

made with intent to defraud, and the fraud accomplished *(People v. Wakely,* 62 Mich. 297 [28 N. W. 871]) ; and that the people failed to show all three of these elements. This contention seems to rest upon the fact that respondent denied upon the stand that he made the representations as claimed by the complaining witness, and that in securing the money from her he had no intention to defraud. We are of opinion that the relations existing between the parties, the lack of business experience of the complaining witness, together with all the circumstances surrounding the transaction, coupled with the conduct of the respondent immediately after the loan was negotiated, in absenting himself from the city of Grand Rapids, and his failure to return, afforded sufficient ground for the jury to find, in spite of his evidence to the contrary, that the respondent deliberately undertook, by means of false pretenses, to cheat and defraud the complaining witness out of her money.

Error is assigned upon the admission of certain testimony. We have examined these assignments with care, but are of opinion that no error was committed by the trial court in relation thereto.

The conviction is affirmed, and the court below is directed to proceed to judgment.

MCALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.