PEOPLE *v.* MORRISON.

1. FALSE PRETENSES—REFERENCE TO EXISTING FACT.
To sustain the charge of obtaining money by false pretenses, it must appear that the false pretenses refer to some existing fact, statements concerning what would occur in the future not constituting a sufficient basis for the charge (CL 1948, § 750.218).

2. SAME—PLEA OF GUILTY—NEGATION BY STATEMENT.
It was the duty of the trial court to refuse to accept a plea of guilty to charge of obtaining money by false pretenses, where defendant stated to the court he told the claimed victim that as soon as he received the loan on his car he would pay another party off who had a lien on the car as that was a promise to do something in the future and negated his plea of guilty (CL 1948, § 750.218).

Appeal from Sanilac; Bach (Arthur M.), J. Submitted January 17, 1957. (Docket No. 92, Calendar No. 46,925.) Decided February 28, 1957.

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur, False Pretenses § 12.

Roderick J. Morrison pleaded guilty to obtaining money under false pretenses. Motion for leave to file delayed motion for new trial denied. Defendant appeals. Reversed and remanded.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people, confessing error.

SHARPE, J. Upon leave granted, defendant, Roderick J. Morrison, appeals from a judgment and sentence of the circuit court for the county of Sanilac and from an order denying his motion for leave to file a delayed motion for a new trial. The essential facts necessary to a decision of the issue involved are as follows: On August 30, 1954, the prosecuting attorney of Sanilac county filed an information against defendant charging him with fraudulently obtaining the sum of $1,300 from the State Bank of Croswell by representing that he was the owner of a certain Packard car which was free and clear of any mortgage, lien or claim from anyone else, it appearing that at the time the said loan was obtained, the Yale State Bank held a mortgage on said car. The prosecution in this case is brought by virtue of the authority contained in CL 1948, § 750.-218 (Stat Ann § 28.415).

On September 23, 1954, defendant was arraigned and pleaded guilty to the charge laid in the information, however before sentence was passed, and upon invitation of the circuit judge, defendant made the following statement:

"*Mr. Morrison:* Quite a few things, a series of events. I was manager of a plant in Yale, Michigan, general manager. Conditions became such that the plant did practically nothing as far as employment

was concerned. They couldn't afford the rate of money I was receiving, and they had to lay me off. I had debts and was buying a house, furniture and automobile and I came upon a small item which looked profitable for manufacturing and I asked information from the persons who had the patent rights on it to manufacture it and they did and I asked a number of stockholders and organized a corporation. We were promised items for delivery, and manufacture on the first day of May. The promise fell through and I received letters from the person threatening to repossess my house and the car and the furniture and I had a nervous breakdown, sir. I was aware of what I did, but I did it and I was sick at the time, not mentally ill, but under much duress and all those things, that since have taken place that happened before. I did not avert them by what I did. I went to the Croswell Bank and notified them that the car was already mortgaged at the Yale State Bank and the promise that I was to pay off the money due on the automobile and I was granted the loan. I told the Yale State Bank that I was going to mortgage the car in the Croswell Bank and they talked back and forth and agreed it could be done but I didn't use the money to pay the other bank. I used the money to pay other bills."

On October 11, 1954, defendant was sentenced to the State prison of southern Michigan for a term of 2-1/2 to 10 years. On April 25, 1955, defendant filed an application for leave to file a delayed motion for a new trial in which he claimed that he did not actually plead guilty to the offense set forth in the information. Subsequently this motion was denied by the trial judge, and upon application to the Supreme Court leave to appeal was granted.

We note that neither the prosecuting attorney of Sanilac county nor defendant has filed briefs in this cause, but the attorney general has filed a brief in which the claim is made that defendant's state-

ment of the facts negated his plea of guilty and it thereupon became the duty of the trial judge to vacate such plea.

In *People* v. *Widmayer,* 265 Mich 547, 550, defendant was charged with obtaining money under false pretenses. We there said:

"The rule of law is well established that, to sustain a conviction, 'The false pretenses must refer to some existing fact, and statements concerning what would occur in the future are not a sufficient basis for the charge.' *People* v. *Segal* (syllabus), 180 Mich 316."

In the case at bar the information charged a false and fraudulent pretense that defendant's car tendered as security for the loan was free of any mortgage or lien. It also appears that when arraigned defendant informed the court that the Croswell bank knew that the car had already been mortgaged to the Yale bank. The statement made by defendant to the bank to the effect that as soon as he received the loan he would pay the Yale bank was a promise of something that he would do in the future. In our opinion such statement made to the trial court negated his plea of guilty and under such circumstances it became the duty of the trial court to refuse to accept a plea of guilty.

The judgment is reversed and the cause remanded to the circuit court of Sanilac county for further proceedings.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.