**William Ireland HULSEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23686.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1966.

William Ireland Hulsey, pro se.

R. Macey Taylor, Asst. U. S. Atty., Macon L. Weaver, U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES, BELL and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an appeal from an order entered by the district court without a hearing, denying appellant's § 2255 [1] motion to vacate his sentence. While appellant was in Alabama state custody, a complaint was filed before the United States Commissioner and a warrant issued charging appellant with the interstate transportation of forged securities with fraudulent intent in violation of 18 U.S.C. § 2314. On February 26, 1965, appellant was brought before the district court for the purpose of ascertaining whether he desired to waive indictment and dispose of the pending federal charge. At this proceeding appellant waived appointment of counsel, executed a written waiver of indictment, and entered a plea of guilty to the information. Appellant received a ten-year suspended sentence and was placed on probation for a period of five years, effective upon his release from state custody. On June 29, 1965, probation was revoked and appellant was committed to the custody of the attorney general for a period of five years. On April 15, 1966, appellant filed this § 2255 motion to vacate his sentence, raising numerous grounds of error. On the same day the district court entered an order denying appellant's motion without a hearing, but granted leave to appeal to this Court in forma pauperis.

A careful review of the record convinces us that appellant's sole meritorious claim is that the district court erred in accepting his plea of guilty because it was "qualified," and thus did not represent a clear, definite, and unconditional admission of the offense as set forth in the information. The record of the arraignment proceedings before the district court contains the following pertinent colloquy:

MR. TAYLOR: Judge, would you like for me to explain the charges and then I have to get him to sign a waiver of indictment?

THE COURT: Yes.

MR. TAYLOR: Mr. Hulsey, Count One of the Information states that on or about the 16th day of October, 1964, at or near Birmingham, Alabama, within the Southern Division of the

1. 28 U.S.C. § 2255.

Northern District of Alabama, you did unlawfully and with fraudulent intent transport in interstate commerce from Birmingham in the State of Alabama to Vine Grove, in the State of Kentucky, a falsely made and forged security, to-wit: a check dated at Birmingham, on the 16th day of October, 1964, drawn on Farmer's Bank at Vine Grove, Kentucky, in the amount of $78.40, payable to William Hulsey and signed Thurmond Balfe as Drawer, the signature of said Drawer being falsely made, forged and fictitious, as you then and there well knew.

The Court could in the event of a guilty plea in this case fine you in the amount of $10,000 or ten years, or both.

If you prefer you have the right to have this matter investigated by a Grand Jury before any further action is taken, however, you have the right to state to the Court this morning that you want to go ahead with this and execute a waiver of indictment.

THE DEFENDANT: I want to go ahead this morning.

MR. TAYLOR: All right, sign this waiver here. If the Court please, this defendant executed written waiver of indictment which is herewith filed with the Clerk of the Court, together with the information, copy of which has been served on the defendant in open court.

THE COURT: You understand the charges made against you and the maximum limits of punishment?

DEFENDANT HULSEY: Yes, sir.

THE COURT: And how do you plead?

DEFENDANT HULSEY: I plead guilty, Your Honor, to endorsing the check. I don't remember anything about whether it was forged or not. At that time I had been drinking very heavily and I can't account too well for my behavior at that time. However, I did recognize the endorsement as mine and I plead guilty to it.

THE COURT: Mr. Hulsey, let me ask you this: It is my information that you have had other similar charges brought against you in Federal Court and you have had sentences imposed on you in those cases.

DEFENDANT HULSEY: That is true, Your Honor. Up until this point I didn't really know where I was going. I was just sort of lost but I found a little help in the people I am working with in Bessemer and they seem to think there is a little good left in me and are willing to work along with me towards that end. I realize there has been a tremendous change in myself.

THE COURT: I will talk the case over at recess and I won't impose sentence until after recess. I will read the presentence report first.

Upon the basis of the foregoing, we conclude that the record affirmatively demonstrates that the district court erred in accepting appellant's response as an unconditional plea of guilty.

 Rule 11 of the Federal Rules of Criminal Procedure provides that the court "may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." While no particular ritual need be observed by the trial court, such as a formal finding or recitation that the plea was entered with understanding,[2] an affirmative duty nonetheless exists on the part of the trial court to advise the accused fully and not merely perfunctorily as to what acts are necessary to establish guilt, and to do all it can to make reasonably certain that a plea of guilty represents the free and voluntary act of one who fully understands the nature cf the charge against him and the consequences of his plea. Bartlett v. United States, supra; Munich v. United

---

2. United States v. Rizzo, 7th Cir. 1966, 362 F.2d 97; Bartlett v. United States, 8th Cir. 1966, 354 F.2d 745; Munich v. United States, 9th Cir. 1964, 337 F.2d 356; Floyd v. United States, 5th Cir. 1958, 260 F.2d 910; Kennedy v. United States, 5th Cir. 1958, 259 F.2d 883.

States, supra; Kennedy v. United States, 5th Cir. 1957, 249 F.2d 257; Smith v. United States, 5th Cir. 1956, 238 F.2d 925. And when, as in the instant case, the accused elects to enter the plea without the assistance of counsel, there arises an even more exacting duty to insure that a plea of guilty represents an unqualified admission of the offense charged based upon a full awareness of the nature of the offense and the consequences of the plea. See United States ex rel. McDonald v. Commonwealth of Pennsylvania, 3d Cir. 1965, 343 F.2d 447; United States v. Lester, 2d Cir. 1957, 247 F.2d 496; Smith v. United States, supra. Here, the elements of the crime with which appellant was charged included (1) transportation in interstate commerce of (2) a forged security with (3) fraudulent intent, and (4) knowledge that such security was forged. See 18 U.S.C. § 2314. Even assuming, as the record as a whole indicates, that appellant may have been sufficiently aware of the elements of the charge against him and the maximum limits of punishment, his "plea" simply cannot be taken to represent an unqualified admission of guilt to the crime set forth in the information. Pleading guilty to the mere endorsement of an instrument, while disclaiming any knowledge of whether it was forged, even aided by the strongest presumption of appellant's comprehension of the offense charged, cannot be viewed as tantamount to an unconditional assertion of guilt to the fraudulent interstate transportation of a forged security with knowledge of the forgery. If anything, such response appears more closely akin to a protestation of innocence than an expression of guilt. It would have been a simple matter for the trial court, when confronted with such equivocal response, to delay accepting the plea until further inquiry clearly established that the accused understood the elements of the crime charged in the information and was willing to enter an unequivocal admission of guilt. See Kreuter v. United States, 10th Cir. 1952, 201 F.2d 33. On the other hand, if after being fully apprised of the nature of the charge and the consequences of his plea, the accused persisted in attempting to enter a qualified plea, the trial court should have refused to accept it and set the case for trial. State v. Stacy, 1953, 43 Wash.2d 358, 261 P.2d 400; People v. Morrison, 1957, 348 Mich. 88, 81 N.W.2d 667, cf. Bergen v. United States, 8th Cir. 1944, 145 F.2d 181.

■■ Nothing we have said is intended to suggest that the acceptance of a plea of guilty which merely fails to comply with precise ceremonial or verbal formality will necessitate the setting aside of an otherwise valid conviction and sentence. See United States v. Cariola, 3d Cir. 1963, 323 F.2d 180; Mayes v. United States, 8th Cir. 1949, 177 F.2d 505. We are convinced, however, that a fundamental requisite of a plea of guilty is that it manifest an unequivocal and knowledgeable admission of the offense charged and should not be accepted if so limited or conditioned that it constitutes, as in the instant case, little more than an ambiguous expression of qualified guilt coupled with a protestation of innocence. To require that a plea of guilty which, when accepted by the court, in itself constitutes a conviction no less conclusive than the verdict of a jury,[3] must manifest an unqualified admission of the offense charged, is not to exalt form over substance nor to place a premium upon mere technical verbiage; it is merely to implement a fundamental requirement of due process essential to the fair and just administration of the criminal laws. Accordingly, the judgment of the trial court is vacated and the case remanded to said court for proceedings in conformity with this opinion.

3. Machibroda v. United States, 1962, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed. 2d 473, 478; Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012.