## PEOPLE v. NIVER.

1. CRIMINAL LAW—FALSE PRETENSES—PRESENT FRAUD.

Evidence that defendant, who obtained an automobile from a vendor by paying him with a post-dated check, had made representations constituting a present fraud, *held*, sufficient to sustain a finding of present fraud, where the testimony showed that the defendant had not only promised to place money in the bank account on which the check was drawn in the future, but had represented to the vendor when he drafted the check that he had funds in other bank accounts to cover the value of the check, and his unchallenged admissions established that he did not have the funds at any time to cover a check in the amount drawn for payment for the automobile (CLS 1961, § 750.218).

2. SAME—EVIDENCE—EXCLUSION—PREJUDICE—OBJECTIONS.

Assignment of error that trial judge did not make clear to jury what portion of testimony against defendant was excluded upon sustained objection made by defendant's counsel during trial in prosecution for false pretenses *held*, not to present grounds for reversal on appeal, where no further objections or requests for additional instructions were made at trial, and no prejudice is claimed by defendant because of the trial judge's actions (CLS 1961, § 750.218).

3. COURTS—PRECEDENTS FROM FOREIGN JURISDICTIONS.

Cases from foreign jurisdictions do not control decisions of courts of this State, but the reasoning is often given weight if the case does not conflict with the law of this State.

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur 2d, False Pretenses §§ 74–78.
[2] 5 Am Jur 2d, Appeal and Error §§ 623, 673.
[3] 20 Am Jur 2d, Courts §§ 200, 203.
[4] 32 Am Jur 2d, False Pretenses §§ 2, 36.
[5] 32 Am Jur 2d, False Pretenses §§ 2–4, 36.
[6] 5 Am Jur 2d, Appeal and Error § 545.

4. FALSE PRETENSES—PASSAGE OF TITLE.

 The crime of obtaining property by false pretenses is defined as obtaining property with the intent that title should pass (CLS 1961, § 750.218).

5. CRIMINAL LAW—FALSE PRETENSES—LARCENY BY TRICK—PASSAGE OF TITLE.

 Distinction between the crime of obtaining property by false pretenses and the crime of larceny by trick is that in obtaining property by false pretenses the owner gives up the property with the intention that title should pass, but in larceny by trick the owner has no intention of giving up his ownership intending only to give up possession of the property (CLS 1961, §§ 750.218, 750.356).

6. SAME — PRELIMINARY EXAMINATION — RESUMPTION — ABSENCE OF COUNSEL.

 Claim of defendant, charged with obtaining property by false pretenses, that it was error to allow his preliminary examination to reconvene after an adjournment of about 40 days, without counsel, *held*, not properly raised on appeal, where it was not raised at trial, and no showing was made on appeal of extreme prejudice (CLS 1961, § 750.218).

Appeal from Oakland; Dondero (Stanton G.), J. Submitted Division 2 April 5, 1967, at Lansing. (Docket No. 2,045.)  Decided October 3, 1967.

Robert Lee Niver was convicted of obtaining property by false pretenses.  Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Robert W. Leutheuser,* Chief Appellate Counsel, for the people.

*Paul G. Valentino,* for defendant.

McGREGOR, J.  The appellant was arrested and charged with the crime of obtaining property by

fraud and false pretenses. CLS 1961, § 750.218 (Stat Ann 1962 Rev § 28.415.)

On the evening of January 22, 1963, appellant answered an advertisement in a Detroit newspaper which offered a used Cadillac for sale. The appellant called upon the owner of the Cadillac at his Birmingham home and paid for the auto with a check for $3,000 drawn on the account of "Bob Niver, Sales & Service" at a Flint bank. The appellant dated the check January 23, 1963, explaining that he was not sure whether he had sufficient funds in his business account, but that he would transfer funds from his other accounts in the same bank in order to make the check good. Because of the lateness of the hour, the parties agreed it would be impossible to find a notary public to notarize the vendor's signature upon the transfer of title. The vendor suggested that he mail the perfected title instrument to the appellant the next day, but the appellant urged the vendor to sign the title and related that his secretary in Flint was a notary and would notarize the signature without any problems. The appellant departed in the Cadillac with the signed, but un-notarized title, and was not seen again by the vendor until the appellant was in custody upon the vendor's complaint, after the check had been returned for non-sufficient funds.

Three days after the above-mentioned transaction, the appellant sold the Cadillac to a Flint doctor for $2,250.

At the preliminary hearing on March 29, 1963, the appellant was represented by retained counsel. This hearing was continued, and at the continuance on May 10, 1963, appellant was not represented by counsel, although at his subsequent trial by jury he was represented by appointed counsel,

At the trial, the records of the Flint bank upon which the $3,000 check had been drawn were introduced into evidence. The records showed the account of "Bob Niver, Sales & Service" was new and had never contained more than $10. An officer of the bank was called to testify as to appellant's relationship with the bank and the bank's records, but appellant's counsel objected on the grounds that the bank officer called had no responsibility for the bank's checking account records. The trial judge excluded the officer's testimony "which was objected to."

Also called to testify was a police officer, who testified as to conversation with the appellant relative to his lack of funds when the check was written. Appellant's wife testified the address on appellant's business check was her maiden address and that no business had been conducted at that address by the appellant.

Defendant appeals and presents four issues:

(1) Can the offense of obtaining goods by false pretenses be predicated upon the giving of a post-dated check with a promise to cover same when there is a present intent to defraud?

(2) Did the trial judge make clear to the jury how much of the testimony of the bank officer had been stricken?

(3) Is an essential element of the offense of obtaining an automobile by false pretenses the passage of good title, including the proper notarization of the seller's signature on the certificate of title?

(4) Did the examining magistrate err when he permitted the appellant to proceed without counsel in the reconvened preliminary examination?

Appellant argues that his encounter with the vendor evidenced only a promise to place money in the bank account in the future and was not a repre-

sentation which would constitute a present fraud, as required for a conviction of obtaining money by false pretenses. The testimony showed the appellant did more than merely make a representation as to what he would do in the future. The appellant told the vendor when he drafted the check that he had funds in other bank accounts to cover the value of the check. The appellant's unchallenged admissions establish that he did not have the funds at any time to cover a check for $3,000. The fact that a post-dated check entered into the picture does not prevent the finding by the jury of a present fraud which would support the conviction. *People v. Vida* (1966), 2 Mich App 409. The jury had sufficient evidence to find there was a present fraud in this case.

During the trial, the judge sustained appellant's objection to some testimony of the bank officer. The trial judge instructed the jury as to what testimony they should disregard. No further objections or requests for additional instructions were made at the trial. On appeal, however, appellant urges that error was committed by the judge in the form of his exclusion of the testimony. No prejudice is claimed by the appellant because of the judge's actions and we can find no prejudice, particularly when it is considered that there was other evidence by which fraud could have been found. Since there is no showing that the judge's instructions were prejudicial, and because this issue was not raised prior to appeal, this issue presents no grounds for reversal. *People v. Huey* (1956), 345 Mich 120; *People v. Evans* (1966), 3 Mich App 1.

Appellant's third theory is that he was improperly charged with obtaining goods by false pretenses. Traditionally, there has been a fine distinction between false pretenses and the less serious crime of

larceny by trick.* The appellant argues that actual passage of title is required for the crime of false pretenses and since the vendor's signature on the title instrument was not notarized, good title did not pass. Appellant relies heavily on the solitary case of *State* v. *Sabins* (1964), 256 Iowa 295 (127 NW2d 107) to support his argument. Cases from foreign jurisdictions, of course, do not control our decisions, but the reasoning is often given weight if the case does not conflict with Michigan law.

Michigan, however, does not emphasize the actual passage of title as determinative of the crime of false pretenses. In Michigan, the crime of false pretenses is defined as obtaining property with the *intent* that title should pass. *People* v. *Martin* (1898), 116 Mich 446; 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1433, p 1822. Larceny by trick involves the criminal taking of property when the true owner has no intention of giving ownership but only intends to give up possession. See 3 Gillespie, *supra,* § 1796, p 2141. Michigan's rule on false pretenses is in accord with the better reasoned rulings from other jurisdictions and is at odds with the appellant's solitary foreign authority. See 22 Am Jur, False Pretenses, § 30, p 462, and 1967 Cum Supp, p 45; Annotation, 53 ALR2d (1957), pp 1215, 1219.

"We think the rule to be gathered from the authorities may be stated to be: In larceny the owner of the thing stolen has no intention to part with his property therein; in false pretenses, the owner does intend to part with his property in the thing, but this intention is the result of fraudulent contrivances." *People* v. *Martin, supra,* p 450.

---

* Larceny by trick is included in the general larceny statute. CLS 1961, § 750.356 (Stat Ann 1965 Cum Supp § 28.588).

This Court is not inclined to overrule the Michigan law on false pretenses and, therefore, appellant's third theory does not present grounds for reversal.

Finally, appellant claims it was error to allow the reconvened examination to proceed without counsel. This issue, like appellant's second issue, was not raised at the trial, although appellant had competent appointed counsel. Also, like the second issue, procedural errors cannot be claimed for the first time on appeal, unless there is a showing of extreme prejudice.

Affirmed.

Quinn, P. J., and Miller, J., concurred.