PEOPLE *v.* SHARPE

1. FALSE PRETENSES—ELEMENTS OF CRIME.
    Intent to defraud, use of false pretenses or representations regarding an existing fact, the accomplishment of the intended fraud by means of such false pretenses, and a reliance on the pretenses by the victim are the elements of the crime of obtaining money under false pretenses with intent to defraud (MCLA § 750.218).

2. FALSE PRETENSES—ELEMENTS OF CRIME—TITLE—PASSAGE—INTENT.
    Intent of the victim that title to property shall pass is not a necessary element of the crime of obtaining money under false pretenses with intent to defraud (MCLA § 750.218).

3. FALSE PRETENSES—EVIDENCE—SUFFICIENCY—INTENT.
    Evidence that defendant falsely represented to complaining witness that he was a police officer from the criminal fraud division and that it was necessary for complainant to post a money bond to obtain extradition from Florida of a person who had done some faulty building work for her, evidence that she paid the money to the defendant by reason of his representations and evidence that she was defrauded in that

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur 2d, False Pretenses § 72 *et seq.*
[2] 32 Am Jur 2d, False Pretenses § 49 *et seq.*
[3] 32 Am Jur 2d, False Pretenses § 68 *et seq.*

defendant did not return the money as he had promised
was sufficient to sustain a conviction of obtaining money
under false pretenses with intent to defraud, defendant's
intent being a matter for the jury (MCLA § 750.218).

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J. Submitted Division 1 March 2, 1970,
at Detroit. (Docket No. 6,042.) Decided March 23,
1970. Leave to appeal denied August 18, 1970. 383
Mich 818.

Vincent Sharpe was convicted of obtaining over
$100 in money under false pretenses with intent
to defraud. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, and *Patricia J. Pernick,* As-
sistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid
and Defender Association of Detroit), for defendant
on appeal.

Before: LESINSKI, C. J., and QUINN and V. J.
BRENNAN, JJ.

LESINSKI, C. J. Defendant Vincent Sharpe was
convicted by a jury of obtaining over $100 in money
under false pretenses with intent to defraud.[1] Fol-
lowing sentencing and denial of motion for new trial,
defendant appeals as of right.

The facts of the case are important. According
to the complaining witness, a building contractor in
September, 1966, had repaired the walls of her base-
ment in an inferior manner. Subsequently, defend-
ant came to Mrs. Yake's home, identified himself as
a police officer connected with the prosecutor's crim-

[1] MCLA § 750.218 (Stat Ann 1962 Rev § 28.415).

inal fraud division,[2] and, in the company of a "building inspector", inspected the repair work. Defendant then informed Mrs. Yake that the original contractor was in the custody of Florida authorities and that a "bond" was required in order to obtain extradition. After showing defendant her bank deposit books, Mrs. Yake gave defendant $1,200 in return for a "copy of the bond." Two days later Sharpe returned to the Yake home and informed the complainant that the "Florida judge" had requested an additional $4,000. After a "conversation with the judge", Mrs. Yake went to her banks and withdrew the $4,000. Defendant took the money and promised to return it in a week. He never has. Defendant denies the above testimony claiming that he took the money as pre-payment for repairing the original basement work.

Defendant's first argument on appeal is that the plaintiff failed to prove a necessary element of the crime of obtaining money by false pretenses, *i.e.,* an intent by the *victim* to *pass title* to the money to the defendant.[3] Defendant claims that the greatest charge that the evidence would sustain is larceny by trick.[4]

MCLA § 750.218 (Stat Ann 1962 Rev § 28.415), reads as follows:

---

[2] Detective Lieutenant Edward Boggs of the Detroit Police Department, Prosecutor's Bureau, Criminal Fraud Division, refuted defendant's authority.

[3] The defendant relies on *People v. Niver* (1967), 7 Mich App 652, in support of the proposition that a necessary element of the crime of false pretenses is an *intent upon the part of the victim to pass title to the thing taken.* *Niver* does make such a statement. However, the Court there relied upon *People v. Martin* (1898), 116 Mich 446, a case decided before a 1915 amendment to the false pretenses statute added the words: "or the use of any instrument, facility or article or other valuable thing or service." In view of this fact and the fact that the issue in *Niver* was not whether *intent to pass title was necessary,* but, rather whether *actual passage of title* was a necessary element of the crime, *Niver* is not authority for defendant's position.

[4] MCLA § 750.356 (Stat Ann 1969 Cum Supp § 28.588).

"Any person who, with intent to defraud or cheat, shall designedly, by color of any false token or writing or by any false or bogus check or other written, printed or engraved instrument, by spurious coin or metal in the similitude of coin, or by any other false pretense, cause any person to grant, convey, assign, demise, lease or mortgage any land or interest in land, or obtain the signature of any person to any written instrument, the making whereof would be punishable as forgery, or obtain from any person any money or personal property or the use of any instrument, facility or article or other valuable thing or service, or by means of any false weights or measures obtain a larger amount or quantity of property than was bargained for, or by means of any false weights or measures sell or dispose of a less amount or quantity of property than was bargained for, if such land or interest in land, money, personal property, use of such instrument, facility or article, valuable thing, service, larger amount obtained or less amount disposed of, shall be of the value of $100 or less shall be guilty of a misdemeanor; and if such land, interest in land, money, personal property, use of such instrument, facility or article, valuable thing, service, larger amount or less amount disposed of shall be of value of more than $100, such person shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years or by a fine of not more than $5,000."

The trial court defined the elements of the crime in his instructions to the jury:

"Now, the elements of this charge are three-fold. In the first place, there must be an intent to defraud. Secondly, there must be a use of false pretenses or representations regarding an existing fact. Three, the accomplishment of the intended fraud by means of such false pretenses, and I would add that the other required element is there must be a reliance

on the pretenses by the complaining witness or victim."

A careful reading of the statute convinces us that the trial court's instructions completely and fairly stated the law of the case. *People* v. *Lee* (1932), 259 Mich 355; *People* v. *Bagwell* (1940), 295 Mich 412. See, also, *People* v. *Creger* (1969), 16 Mich App 59. The intent of the victim that title shall pass is not a necessary element of the crime charged under the statute as amended.

"The object of this statute is to punish cheats." *People* v. *Lee, supra,* p 356. The record shows that there was evidence of the falsity of the claims made as to defendant's authority and the destination of the money; evidence that the complaining witness paid over $5,200 to defendant because of such representations; and evidence that by reason of the investment she was defrauded. The intent of the defendant and the weight of the evidence were purely matters for the consideration of the jury. *People* v. *Bagwell, supra,* pp 419, 421.

Defendant's second claim of error is that the trial judge's instructions to the jury contained an unfair comment upon the evidence. After reviewing the entire instructions we are unable to agree. See *People* v. *Dye* (1959), 356 Mich 271.

Affirmed.

All concurred.