431 F.2d 429
 Thomas H. HOPKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 29244 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 2, 1970.
 
 Thomas H. Hopkins, pro se.
 Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the denial of a motion to vacate a judgment and sentence, filed pursuant to the provisions of 28 U.S.C. § 2255. We affirm the judgment below.
 
 
 2
 The appellant contends that he is entitled to § 2255 relief on grounds that (1) he did not actually tender a plea of guilty; (2) the sentencing court failed to comply with Rule 11, F.R.Crim.P.; and (3) that court denied his right to speak in mitigation of punishment prior to sentencing, which is authorized by Rule 32(a), F.R.Crim.P.
 
 
 3
 Appellant's contention with regard to his rights under Rule 32(a) is refuted by the transcript of the sentencing proceedings. It shows that the district court inquired of the appellant, "Mr. Hopkins, would you like to make any statement at this time to the Court?" The appellant replied, "No, your Honor. Thank you." Subsequently the court interrupted the appellant when he started to explain details of a pending state criminal case. That action of the district court certainly did not amount to a denial of the appellant's rights under Rule 32(a).
 
 
 4
 The appellant, represented by two privately-retained criminal lawyers, was convicted upon a plea of guilty of bank burglary.[1] The plea was entered on February 12, 1968 and the appellant was sentenced on September 28, 1968.
 
 
 5
 The transcript of the arraignment proceedings shows that Rule 11 was not fully complied with, in that some of the critical questions were addressed to the appellant by the Assistant United States Attorney, rather than the Judge; and since other questions were directed by the judge to defense counsel rather than to the appellant personally. If this case were governed by McCarthy v. United States, 1968, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, reversal would be appropriate. The McCarthy holding, however, is not retrospectively applicable, and thus it can not avail this appellant. Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L. Ed.2d 16; Bell v. United States, 5th Cir. 1969, 412 F.2d 773.
 
 
 6
 We now consider the question whether the appellant in fact pleaded guilty. The record shows that on February 12, 1968, the appellant appeared in the district court for the purpose of changing his plea from not guilty on the four-count indictment to a plea of guilty on Count Two. Appellant answered in the affirmative when asked by the Assistant United States Attorney in open court if that was his "present desire."
 
 
 7
 Thereafter, when asked how he pleaded, the appellant non-responsively said, "I don't know about them other guys," referring to his codefendants. His retained counsel then said to the court, "What he means, Your Honor, his plea is confined only to himself, without reflecting on anyone else." The judge replied, "I understand that."
 
 
 8
 The appellant has alleged no other facts in his § 2255 motion which would indicate that he did not voluntarily plead guilty, with full understanding of what he was doing. As the district court held, he not only was represented by two experienced criminal lawyers but also he personally had some twenty years of experience as a defendant in various criminal prosecutions.
 
 
 9
 Subsequent to entry of the guilty plea, the appellant's counsel importuned the court to sentence him. It appears that appellant desired to receive his federal sentence first so that his expected Texas state sentence for another offense would run concurrently with it. At no time prior to filing of his amended § 2255 motion dated June 5, 1969 did the appellant in any way suggest to the court that he had not in fact and law pleaded guilty.
 
 
 10
 Appellant contends that the record shows that he had no intention of pleading guilty, citing this Court's decision in Hulsey v. United States, 5th Cir. 1966, 369 F.2d 284. We agree with the district court, however, that a valid plea of guilty was entered. This plea was, in effect, entered by the appellant's privately-retained attorney, and acquiesced in by the appellant during the re-arraignment proceedings, his presentence investigation and the sentencing proceedings.
 
 
 11
 Prior to rendition of the Supreme Court's McCarthy decision, it was permissible for a defendant's attorney to enter a plea in open court, in his behalf. As the court stated in United States v. Bentvena, D.C.S.D.N.Y.1960, 193 F.Supp. 485, 503:
 
 
 12
 Where an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances fairly denoting that the attorney speaks for his client, who comprehends what is being done and its significance, and who acquiesces when the attorney enters a plea of guilty for him, such plea of guilty is valid. [citing cases]
 
 
 13
 See also United States v. Von Der Heide, D.C.D.C.1959, 169 F.Supp. 560. Although these cases were decided prior to the 1966 amendment to Rule 11, this Court held, prior to McCarthy, that failure to comply fully with the provision of the rule merely shifts the burden of proof of voluntariness of the plea to the Government. Rimanich v. United States, 5th Cir. 1966, 357 F.2d 537; Lane v. United States, 5th Cir. 1967, 373 F.2d 570.
 
 
 14
 We find no error in the holding of the district court that the appellant's guilty plea was voluntarily made with adequate understanding of the charge. Our examination of the record has convinced us, moreover, that such ruling properly could be made, as it was made, on the basis of the files and records of the case, with no necessity for an evidentiary hearing. See 28 U.S.C. § 2255; Streator v. United States, 5th Cir. 1968, 395 F.2d 661, and cases there cited; Holland v. United States, 5th Cir. 1969, 406 F.2d 213; Hall v. United States, 5th Cir. 1969, 407 F.2d 1320. Accordingly the judgment of the district court is affirmed.
 
 
 15
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, [No. 29278, August 14, 1970]
 
 
 [1]
 18 U.S.C. § 2113(a)