PEOPLE v CAGE

Docket No. 78-1621. Submitted March 8, 1979, at Lansing.—Decided
June 5, 1979. Leave to appeal applied for.

Derrick Cage was convicted, on his plea of guilty, in Washtenaw
Circuit Court, Ross W. Campbell, J., of obtaining property
having a value of over $100 under false pretenses with intent
to defraud. Defendant appeals, arguing that the factual basis
for his guilty plea was insufficient because of the absence of
evidence of an intent to pass title and because his misrepresen-
tation related to a future event rather than a present or past
fact or circumstance. *Held:*

1. Intent to pass title need not be shown to establish the
crime of obtaining property under false pretenses with intent
to defraud.

2. A promise that is false *ab initio* is a misrepresentation of a
present fact, even if the misrepresentation relates to a future
event, and is thus sufficient to constitute a false pretense under
the statute making criminal the obtaining of property under
false pretenses with intent to defraud.

Affirmed.

1. FALSE PRETENSES — TITLE — PASSAGE — INTENT — GUILTY PLEA —
FACTUAL BASIS — STATUTE.

Evidence of an intent to pass title is not required to establish the
factual basis sufficient for acceptance of a guilty plea to obtain-
ing property under false pretenses with intent to defraud (MCL
750.218; MSA 28.4150).

2. FALSE PRETENSES — MISREPRESENTATION — PRESENT FACT — STAT-
UTE.

A promise that is false *ab initio* is a misrepresentation of a
present fact, even if the misrepresentation relates to a future
event, and is thus sufficient to constitute a false pretense under
the statute making criminal the obtaining of property under

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur 2d, False Pretenses §§ 33-36, 62.
[2] 32 Am Jur 2d, False Pretenses §§ 12, 13, 61.

false pretenses with the intent to defraud (MCL 750.218; MSA 28.415).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Neil J. Juliar,* Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BASHARA and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Pursuant to a plea bargain, defendant pled guilty to obtaining property having a value of over $100 by false pretenses, MCL 750.218; MSA 28.415. Defendant appeals, raising two issues relating to the sufficiency of the factual basis for the trial court's acceptance of his plea.

First defendant claims that there was no evidence of intent to pass title. This contention has no merit. Intent to pass title is no longer required under the statute. *People v Sharpe,* 22 Mich App 454; 178 NW2d 90 (1970).

Defendant also claims his misrepresentations did not relate to a present or past fact or circumstance but to future events only. The facts relevant to a determination of this issue are that the defendant, under the guise of purchasing an automobile, went to a Lincoln-Mercury dealership and, after working out a deal with the salesman, indicated that, before making a downpayment, he wished to take the vehicle to a mechanic to check it out. Relying upon defendant's statement that he was going to buy and was just going to have it checked out and bring it back, the salesman put dealer plates on the vehicle and allowed defendant to take the car.

It never was the intention of the defendant to bring the car back, nor was it his intention to have the vehicle checked out by a mechanic.

While it might appear that defendant's misrepresentations were of a future fact, in reality what he misrepresented was his present intention, which was clearly fraudulent. While there does not appear to be any Michigan case clearly on point, we quote from a Texas court in *Kinder v State*, 477 SW2d 584, 586 (Tex Crim App, 1971), wherein the court stated:

"The rule is that false promises or representations as to future happenings by which a person is induced to part with his property may form the basis of the offense of theft by false pretense so long as the proof shows that such promises are false *ab initio*."

We find the foregoing rule enunciated by the Texas court to be sound and hereby adopt it. Defendant's contention is therefore without merit.

Affirmed.