PEOPLE v CAGE

Docket No. 63366. Decided February 23, 1981. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction and remanded the case to the Washtenaw Circuit Court for further proceedings.

Derrick Cage was convicted, on his plea of guilty, in Washtenaw Circuit Court, Ross W. Campbell, J., of obtaining property having a value of over $100 under false pretenses. The defendant, in giving the circuit court the factual basis for his plea, admitted that he went to an automobile dealer and obtained possession of a used car by telling a salesman that he would buy the car if he liked it after test driving it and having it checked at a local service station, and that he had no such intention and made the statements in order to get possession of the car to convert it to his own use. On appeal, the defendant argued that the factual basis for his plea of guilty was insufficient because his misrepresentations related solely to future events or facts and that conviction of false pretenses may only be based upon misrepresentation of past or present facts or circumstances. The Court of Appeals, M. F. Cavanagh, P.J., and Bashara and D. E. Holbrook, Jr., JJ., affirmed, holding that present false pretenses include a misrepresentation of the defendant's present mental state (Docket No. 78-1621). The defendant applies for leave to appeal. *Held:*

Construing false pretenses to incorporate misrepresentation of present mental state is at odds with Michigan law. The crime is statutory, and it is universally held, except where the statute specifically provides otherwise, that the pretense relied upon to establish the offense of false pretenses must be a misrepresentation as to a present or existing fact, or a past fact or event, and may not be as to some event to take place in the future. A false promise will not suffice, however fraudulent it may be. The previous decisions of the Court preclude a conviction of false pretenses where the misrepresentation relates only to future events or facts. If the false pretenses statute is to be amended to incorporate misrepresentation of present mental

state within the meaning of the crime of false pretenses, it should be done by legislative enactment.

The defendant's conviction is reversed and the case is remanded to the Washtenaw Circuit Court for further proceedings.

90 Mich App 497; 282 NW2d 368 (1979) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Robert L. Cooper,* Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg* for defendant.

PER CURIAM. The issue presented is whether the crime of false pretenses, MCL 750.218; MSA 28.415,[1] may be predicated upon the misrepresentation of a present intent to do a future act. We conclude that it may not.

The defendant in the instant case pled guilty in Washtenaw Circuit Court to the charge of obtaining property having a value over $100 by false

_____

[1] "Any person who, with intent to defraud or cheat, shall designedly, by color of any false token or writing or by any false or bogus check or other written, printed or engraved instrument, by spurious coin or metal in the similitude of coin, or by any other false pretense, cause any person to grant, convey, assign, demise, lease or mortgage any land or interest in land, or obtain the signature of any person to any written instrument, the making whereof would be punishable as forgery, or obtain from any person any money or personal property or the use of any instrument, facility or article or other valuable thing or service, or by means of any false weights or measures obtain a larger amount of quantity of property than was bargained for, or by means of any false weights or measures sell or dispose of a less amount of quantity of property than was bargained for, if such land or interest in land, money, personal property, use of such instrument, facility or article, valuable thing, service, larger amount obtained or less amount disposed of, shall be of the value of $100.00 or less, shall be guilty of a misdemeanor; and if such land, interest in land, money, personal property, use of such instrument, facility or article, valuable thing, service, larger amount obtained or less amount disposed of shall be of the value of more than $100.00, such person shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years or by a fine of not more than $5,000.00."

pretenses. During his plea, he admitted that he went to a Lincoln-Mercury dealer in Ypsilanti and obtained possession of a used car by telling a salesman that he would buy the car if he liked it after test driving it and having it "checked out" at a local service station. The defendant admitted that he had no such intention and made the statements in order to get possession of the car so that he could convert it to his own use.

On appeal, the defendant challenged the factual sufficiency of his plea, one of the grounds being that his misrepresentations related solely to future events or facts and not, as required for conviction of false pretenses under Michigan law, to past or present facts or circumstances.

The Court of Appeals affirmed defendant's conviction, holding in relevant part:

"While it might appear that defendant's misrepresentations were of a future fact, in reality what he misrepresented was his present intention which was clearly fraudulent. While there does not appear to be any Michigan case clearly on point we quote from a Texas court in *Kinder v State,* 477 SW2d 584, 586 (Tex Crim App, 1971), wherein the court stated:

" 'The rule is that false promises or representations as to future happenings by which a person is induced to part with his property may form the basis of the offense of theft by false pretense so long as the proof shows that such promises are false *ab initio.'*

"We find the foregoing rule enunciated by the Texas court to be sound and hereby adopt it. Defendant's contention is therefore without merit." *People v Cage,* 90 Mich App 497, 499; 282 NW2d 368 (1979).

The defendant has applied for leave to appeal to this Court.

We hold that the adoption of a rule construing false pretenses to incorporate misrepresentation of

present mental state is at odds with Michigan law. The crime of false pretenses in Michigan, as in other jurisdictions, was created by statute.[2] It is universally held, except where the statute specifically provides otherwise, that the pretense relied on to establish the offense must be a misrepresentation as to a present or existing fact, or a past fact or event, and may not be as to some event to take place in the future.[3] Although it is quite possible to view a false statement of intention, such as a promise which the promisor intends not to keep, as a misrepresentation of existing mental state, the great weight of authority holds that a false promise will not suffice for false pretenses, however fraudulent it may be.[4]

A minority of jurisdictions do recognize a false promise or intention as a false pretense and there does appear to be a modern trend in this direction.[5] Professor Perkins has made the following pertinent criticism:

"One writer has suggested that interpreting the statute to exclude false promises crept into the decisions by inadvertence, so to speak. This may be true or it may be that the statute, as interpreted, was as great a step as the social order was prepared to take two hundred years ago. After all, the change from the punishment of fraud perpetrated by the use of false tokens to the punishment of fraud perpetrated by naked deceit was considerable, even if the latter did not include a misrepresentation of one's own state of mind. However that may be the original position has been restated time and again in recent years. The first clear switch from this to the position that a false promise is sufficient to support

---

[2] 35 CJS, False Pretenses, § 5, pp 809-811.

[3] 35 CJS, False Pretenses, § 8, pp 814-817.

[4] 35 CJS, False Pretenses, §§ 9-10, pp 817-820; LaFave & Scott, Criminal Law, § 90, pp 657-658.

[5] LaFave & Scott, *supra*, p 658.

a conviction of false pretenses (in recent times and without the aid of statute) seems to have been in California although there was a Massachusetts dictum pointing in the same direction. A start has been made toward amending the statute of false pretenses to include promissory fraud within its scope, which is entirely proper. Just as the social order of two hundred years ago had developed to the point where it was necessary to punish the swindler who operated without the aid of false tokens, so today it has developed to the further point where it is necessary to have adequate punishment for promissory fraud, but the change should be by legislative enactment. No court would permit such a statute to apply to a misdeed perpetrated before the act was passed, and for a court to convict a man by changing this interpretation which has been so firmly established for generations it is necessary to violate the principle upon which the *ex post facto* bar is grounded." (Footnotes omitted.) Perkins, Criminal Law (2d ed), pp 304-305.

Our review of Michigan precedent leaves us convinced that this jurisdiction early aligned itself with the majority rule that false statements of promise or intention may not form the basis for a conviction of false pretenses. In *People v Winslow,* 39 Mich 505 (1878), it was held that the fact that the defendants in that case accomplished their fraud by a promise would not preclude their conviction of false pretenses because the promise was accompanied by other misrepresentations relating to existing facts. Similarly, in *People v Segal,* 180 Mich 316; 146 NW 644 (1914), it was held that although some of the defendant's misrepresentations in that case related to what would occur in the future, and his promises in relation thereto, several other representations referring to existing or past facts provided the basis for the conviction of false pretenses.

In *People v Widmayer,* 265 Mich 547; 251 NW

540 (1933), it was explicitly held that statements made by the defendants as to events that would occur in the future and their promises as to what they would undertake to do in the future could not sustain convictions under the false pretenses statute. More recently, and more to the point, in *People v Morrison,* 348 Mich 88; 81 NW2d 667 (1957), a guilty plea was overturned because the defendant's admissions established only that he made a promise relating to what he would do in the future.

The aforementioned decisions of this Court preclude a conviction of false pretenses where the misrepresentation relates only to future events or facts.

Although there may be valid arguments supporting an amendment of the false pretenses statute to incorporate misrepresentation of present mental state within the meaning of the crime of false pretenses, we are convinced that it should be done by legislative enactment.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the defendant's conviction and remand the case to the Washtenaw Circuit Court for further proceedings.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.