## PEOPLE v MATTHEWS

Docket No. 61146. Submitted July 21, 1982, at Detroit.—Decided March 9, 1983.

Craig Matthews and Detroit Financial Corporation were charged with obtaining money over the value of $100 by false pretenses. The charge concerned a promise by the defendants to negotiate an agreement with the complainant's mortgagee to prevent a threatened foreclosure. Defendants filed a motion to quash the information and dismiss the charges, which was denied, Recorder's Court of Detroit, Joseph A. Gillis, J. Defendants appeal by leave granted. *Held:*

All the essential elements of the crime were established, including the fact of a false representation that the defendants had in the past negotiated with a nonexistent committee of the mortgage company. The examining magistrate did not err in binding the defendants over for trial, nor did the trial court err in denying the motion to quash.

Affirmed and remanded for trial.

M. F. CAVANAGH, P.J., dissented. He would hold that there was no misrepresentation of an existing or past fact, an essential element of the crime charged, and that, therefore, the examining magistrate abused his discretion in binding the defendants over for trial. He would reverse.

DISSENT BY M. F. CAVANAGH, P.J.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES.

Evidence must be presented on each element of a charged offense, or evidence from which the existence of those elements may be inferred, in order for a magistrate to bind a defendant over for trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 411-413.

[3] 32 Am Jur 2d, False Pretenses §§ 12, 32, 51.

[4] 32 Am Jur 2d, False Pretenses §§ 12, 14.

Modern status of rule that crime of false pretenses cannot be predicated upon present intention not to comply with promise or statement as to future act. 19 ALR5th 959.

2. CRIMINAL LAW — APPEAL — PRELIMINARY EXAMINATION — MAGIS-
   TRATES.

   A magistrate's determination of probable cause to bind a defen-
   dant over for trial at a preliminary examination will not be
   upset absent a showing of a clear abuse of discretion.

3. FALSE PRETENSES — ELEMENTS OF FALSE PRETENSES.

   The elements of the offense of obtaining money by false pretenses
   are: (1) a false representation made about an existing or past
   fact; (2) the defendant was aware of the falsity of the represen-
   tation and had an intent to deceive; (3) the defendant accom-
   plished the intended fraud by means of false pretenses; and (4)
   the victim detrimentally relied on the false representation
   (MCL 750.218; MSA 28.415).

4. FALSE PRETENSES — MISREPRESENTATION OF PRESENT OR PAST FACT.

   The pretense relied upon to establish the offense of obtaining
   money by false pretenses must be a misrepresentation as to a
   present or existing fact, or a past fact or event; a false promise
   about a future event does not establish the element of misrep-
   resentation necessary to prove the offense (MCL 750.218; MSA
   28.415).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Clark, Hardy, Lewis, Fine & Pollard, P.C.* (by *Daniel M. Clark* and *Neil H. Goodman),* for defendants.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY, and C. J. HOEHN,* JJ.

C. J. HOEHN, J. The facts of this case and the applicable law are adequately set forth in Judge CAVANAGH's dissenting opinion. On these facts, we

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conclude that the examining magistrate did not err in binding defendants over for trial.

The testimony adduced at the preliminary examination indicates that defendant Matthews made a false representation as to a past fact, *i.e.,* that he had in the past negotiated with the mortgage company's foreclosure committee. This representation was patently false since no such committee existed. Thus, we conclude that the prosecution established all the essential elements of the crime.

We note in closing that the liability of the corporation is primary and not vicarious since the originating letter of February 21, 1981, containing the false representation was in the name of the corporation and signed by its president and sole stockholder.

Affirmed and remanded for trial.

D. C. RILEY, J., concurred.

M. F. CAVANAGH, P.J. *(dissenting).* I respectfully dissent from the majority's conclusion that all the essential elements of the crime of false pretenses were present in this case.

Following a preliminary examination, defendants were bound over for trial on the charge of obtaining money over the value of $100 by false pretenses, in violation of MCL 750.218; MSA 28.415. The trial court subsequently denied the defendants' motion to quash the information and dismiss the charges. This Court granted the defendants' application for leave to take a delayed interlocutory appeal.

At the preliminary examination, the complainant testified that, having received a notice from her mortgage company threatening foreclosure on her house, she contacted the defendants about her

financial plight. The complainant testified that defendant Matthews made the following representations to her: (1) that he would contact her mortgage company and stop the foreclosure in exchange for $350; (2) that he would negotiate a forebearance plan with the mortgage company; (3) that he had dealt with a committee or committees of her mortgage company in the past; (4) that it is difficult to deal with mortgage companies; and (5) that she would have to pay an additional $200 for an attorney referral if the defendants were unable to prevent the foreclosure. When the defendants failed to contact her, the complainant became suspicious of their operation and filed a complaint with the Better Business Bureau. The complainant was subsequently able to avoid foreclosure by borrowing money from her father to pay off her debt, and she then filed a criminal complaint against the defendants.

On appeal, the defendants argue that the magistrate abused his discretion as a matter of law in binding the defendants over for trial because the prosecutor had failed to prove probable cause for each element of the offense with which the defendants were charged. In particular, the defendants allege that the false pretenses statute is not violated unless a defendant makes a false representation about an existing or past fact or circumstance. In the present case, the defendants argue that any misrepresentations which were made pertained to a future event and that no representation about a past or existing fact enticed the complainant to part with her property.

In order for a magistrate to bind a defendant over for trial, there must be evidence presented on each element of the charged offense, or evidence from which the existence of those elements may be

inferred. *People v Kubasiak,* 98 Mich App 529,
532; 296 NW2d 298 (1980), *lv den* 409 Mich 948
(1980). A magistrate's determination of probable
cause at the preliminary examination will not be
upset unless a clear abuse of discretion is shown.
*Kubasiak, supra,* 532-533; *People v Doss,* 406 Mich
90, 101; 276 NW2d 9 (1979).

The offense of obtaining money by false pre-
tenses in violation of MCL 750.218; MSA 28.415
consists of the following elements: (1) a false repre-
sentation made about an existing or past fact; (2)
the defendant was aware of the falsity of the
representation and had an intent to deceive; (3)
the defendant accomplished the intended fraud by
the means of false pretenses; and (4) the victim
detrimentally relied on the false representation.
*People v Larco,* 331 Mich 420, 429; 49 NW2d 358
(1951); *People v Phebus,* 116 Mich App 416; 323
NW2d 423 (1982).

On the basis of the record before us, I am unable
to conclude what false representation was made
about an existing or past fact. Defendant Mat-
thews told the complainant that he *would* contact
her mortgage company and that he *would* negoti-
ate a forebearance plan for her. These representa-
tions relate to future facts or circumstances rather
than an existing fact. The Michigan Supreme
Court recently held in *People v Cage,* 410 Mich
401; 301 NW2d 819 (1981), that a false promise
about a future event does not establish a crucial
element of the crime of false pretenses. The Court
stated:

"The crime of false pretenses in Michigan, as in other
jurisdictions, was created by statute. It is universally
held, except where the statute specifically provides
otherwise, that the pretense relied on to establish the
offense must be a misrepresentation as to a present or

existing fact, or a past fact or event, and may not be as to some event to take place in the future. Although it is quite possible to view a false statement of intention, such as a promise which the promisor intends not to keep, as a misrepresentation of existing mental state, the great weight of authority holds that a false promise will not suffice for false pretenses, however fraudulent it may be." (Footnotes omitted.) *Id.,* 404.

The prosecutor argues that defendant Matthews misrepresented his past dealings with the complainant's mortgage company. At the preliminary examination a representative of the complainant's mortgage company testified that the company had no foreclosure committee. However, the record does not indicate that defendant Matthews stated that he had dealt with a foreclosure committee, rather, he merely stated ambiguously that he had dealt with a committee or committees from the complainant's mortgage company. Since he did not indicate or imply that his past dealings were specifically with a foreclosure committee, I find no misrepresentation of an existing fact.

I would hold that the magistrate abused his discretion in finding probable cause that the defendants were guilty of the crime of obtaining property over $100 by false pretenses. Since the defendants made no misrepresentation of an existing or past fact, an essential element of the crime was not established, and I would reverse.