## PEOPLE *v.* WIDMAYER.

1. CRIMINAL LAW—FALSE PRETENSES—FUTURE EVENTS.
   False pretenses must refer to some existing fact and statements as to what would occur in the future are not a sufficient basis to sustain conviction.

2. SAME—FALSE PRETENSES—CEMETERY LOTS.
   Charge of obtaining money by false pretenses is not sustained where evidence at examination shows that sale of cemetery lot was procured by statements that a cemetery would be moved upon block containing said lot and that by a certain date lot would be resold at an advanced price.

3. SAME—COLLECTING DEBTS.
   Collection of claimed debts by making criminal charge is not a lawful method.

Appeal from Allegan; Miles (Fred T.), J. Submitted November 28, 1933. (Calendar No. 37,117.) Decided December 19, 1933.

Arthur F. Widmayer and Edmund T. Going were charged with obtaining money by false pretenses. From order denying motion to quash, defendants appeal. Reversed, remanded and defendants ordered discharged.

*Edward F. Conlin,* for defendants.

*Patrick H. O'Brien,* Attorney General, and *Welborne S. Luna,* Prosecuting Attorney, for the people.

Sharpe, J. In a written complaint, made by Frank Dendel on the 21st day of November, 1932, to a justice of the peace, it was alleged that the defendants on the 31st day of March, 1932, "did, with intent to cheat and defraud one Frank Dendel, designedly, by color of a false receipt, and by means of false pretenses, to-wit: that certain lots in Grand Oakland Memorial Park purchased by said Frank Dendel would be resold by them for him in August, 1932, for the sum of $1,200; that they were representatives of Grand Oakland Memorial Park and were fully informed of the values of said property and the operations upon said property; that the Lutheran Cemetery was to be moved upon said Memorial Park in block T, raising the value of said lot to $1,200 which they would obtain for him in August, 1932, and many other false pretenses, and said A. F. Widmayer and E. T. Going did obtain from said Frank Dendel money to the value of more than $50, to-wit: of the value of $290."

The defendants were apprehended and brought before the justice, and an examination had on December 23, 1932, after which they were bound over to the circuit court of Allegan county for trial. When arraigned on an information in which the charge was stated as in the complaint, they moved to

quash it and for their discharge, upon the ground that the proofs submitted on the examination disclosed no criminal offense. The motion was denied, and by leave of this court the question is before us for adjudication.

Dendel was the only witness who was sworn on the examination. He testified that the defendants came to see him about March 1, 1932, and urged him to purchase some lots in the Grand Oakland cemetery; that he at that time owned 11 lots therein, for some of which he had paid $420; that defendants said the cemetery "had opened up the resale department;" that he did not want to sell his lots; that they stated to him "the advantages of purchasing more lots at that time. They said that the cemetery was to be moved on block T. They said the resale department would get for this lot later $1,200. They said they would get the $1,200 the 1st of August this year, 1932. * * * On March 1, 1932, I purchased another lot of them. I would not have bought the lot except for what they told me then. I would not have bought. I didn't want to buy it. That lot is not worth anything to me now. I can't sell it."

He further testified that he was 68 years of age, and had done some business during that time selling farm products; that he had made a similar complaint against one Armstrong for swindling him in the sale of cemetery lots, but settled it and withdrew the complaint; that if the defendants paid him $1,200 "it would be all right with me. That is why I started this prosecution. I was beat."

The only statements in any way tending to support the charge of obtaining the money of the complaining witness by false pretenses are:

1. That the cemetery would be moved upon block T.

2. That the lot purchased by him would be resold by August 1, 1932, and he would be paid $1,200 for it.

The first of these was clearly a representation as to a future event, and the second a promise or undertaking to do something in the future. The rule of law is well established that, to sustain a conviction, "The false pretenses must refer to some existing fact, and statements concerning what would occur in the future are not a sufficient basis for the charge." *People* v. *Segal* (syllabus), 180 Mich. 316.

See, also, *Biddle* v. *United States,* 84 C. C. A. 415 (156 Fed. 759) ; 25 C. J. p. 589, and 11 R. C. L. p. 831.

It is apparent that the purpose of the complaining witness was not to secure a conviction under the criminal law, but to compel the defendants to pay to him the money to which he claimed to be entitled.

"It is right that men should pay their debts, and not culpable for creditors to collect by legitimate means and methods; but making merchandise of the criminal law is not a lawful method." *Koons* v. *Vauconsant,* 129 Mich. 260, 263 (95 Am. St. Rep. 438).

The testimony taken on the examination disclosed no violation of the statute, and the motion to quash the information and discharge the defendants should have been granted. An order will be here entered remanding the case, with instructions to do so.

McDonald, C. J., and Weadock, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.