PEOPLE *v.* BROWN.

1. INDICTMENT AND INFORMATION—STATUTES—SPECIFIC CHARGE.
   Wherever it is essential to apprise the respondent of the precise offense charged, and an averment in the language of the applicable statute is not sufficient to do so, courts will require that the information be more specific (3 Comp. Laws 1929, § 17259).

2. SAME—SPECIFICATION OF CHARGE.
   Under the constitutional right of due process of law, one accused of crime is entitled to be proceeded against under an information which with a fair degree of certainty specifies the particular charge against him, fixes the scope of the prosecution, and thereby enables him to prepare for trial and protect himself from being placed twice in jeopardy for the same offense (3 Comp. Laws 1929, § 17259).

3. SAME—VIOLATION OF LIQUOR LAW—STATUTES—SPECIFICATION OF CHARGE.
   Information charging accused with having sold a certain quantity of whisky without having fully complied with the provisions of the act regulating the manufacture and sale of alcoholic liquor was not sufficiently specific to provide accused with adequate protection, notwithstanding the allegations followed the words of the statute in substance (3 Comp. Laws 1929, § 17259; Act No. 8, § 32, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

Appeal from Ingham; Hayden (Charles H.), J. Submitted June 12, 1941. (Docket No. 57, Calendar No. 40,530.) Decided September 2, 1941.

Andrew Brown was convicted of an alleged illegal sale of intoxicating liquor. Reversed.

---

\* Continued from Vol. 298.

*John Wendell Bird,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Richard B. Foster,* Prosecuting Attorney, for the people.

NORTH, J.    Andrew Brown was convicted of an alleged illegal sale of whisky, and he has appealed. As we view the record, defendant's primary ground of appeal is that no offense known to the law is charged in the complaint, warrant or information. This question was timely raised by defendant's motion in the circuit court to quash the information. This motion was denied.    When arraigned defendant stood mute.

The information, which followed the complaint and warrant, charges that at a time and place specified the defendant:

"did feloniously sell certain alcoholic liquor, to wit: 6 glasses of whisky to one Albert Boucher for the price of $2.10, lawful money of the United States, while he, the said Andrew Brown, *had not then and there fully complied with the provisions of Act No. 8, Pub. Acts 1933 (Ex. Sess.) as amended,* and while no other person at said premises had then and there fully complied with the provisions of Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended, in violation of Act No. 8, § 32, Pub. Acts 1933 (Ex. Sess.), as amended, and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

Section 32 specifically referred to in the information, as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-47, Stat. Ann. 1940 Cum. Supp. § 18.1003), reads:

"SEC. 32.    Compliance with act; necessity.    No person, directly or indirectly, himself or by his

clerk, agent or employee shall manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any wine, spirits, alcohol and/or alcoholic liquor *unless such person shall have fully complied with the provisions of this act.*"

In asserting insufficiency of the information appellant in his brief states:

"It is the contention of appellant that even though the allegation may follow the form of the statute it did not sufficiently apprise him of the crime which he is alleged to have committed. It did not give him sufficient notice for the preparation of his defense. * * *

"The charge contained in the information in the instant case is based as above upon Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937. * * * The act in question con-.sists of 73 sections and includes a great many provisions as to the handling and sale of liquor, numerous classes of sellers and purchasers, both at wholesale and retail, and many possible types of violations which might arise from an illegal sale of intoxicating liquor. In addition there are many varied requirements for compliance with the act on the part of individuals and persons who come within the purview of the statute. Failure to comply with the act can consist of failure to give bond, failure to pay tax, failure to take out a license of which there are several varieties, and other particulars."

The question here presented has been plainly passed upon by this Court many times.

"Wherever it is essential to apprise the respondent of the precise offense charged, and an averment in the language of the statute is not sufficient to do so, the courts will require that the information be more specific." *People* v. *Taylor,* 96 Mich. 576 (21 L.R.A. 287).

In *People* v. *Westerberg,* 274 Mich. 647, we quoted approvingly from our decision in *People* v. *Maki,* 245 Mich. 455, 473, the following:

"Both in this State and elsewhere it is the rule that where a statute uses general or generic terms in describing an offense, does not sufficiently define the crime or set out all of its essential elements, * * * an information which alleges the crime in the words of the statute is not sufficient, but a more particular statement of facts is necessary."

Numerous authorities supporting the above proposition are cited in the *Maki Case.* It will not do to say, as possibly might be said in the instant case, that the accused clearly knew what offense he was charged with having committed. He is entitled to be proceeded against under an information which with a fair degree of certainty specifies the particular charge made against him and which fixes the scope of the prosecution. In the instant prosecution he is in no way informed as to the manner or particular in which the people claim he failed to comply fully with the provisions of the cited act. Not only is such specification essential to defendant's preparation for trial, but it also affords him protection of record from being placed twice in jeopardy for the same offense. In this jurisdiction it is provided by statute that: "The indictment or information shall contain: 1. The nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged." 3 Comp. Laws 1929, § 17259 (Stat. Ann. § 28.985).

A lesser measure of certainty than that above indicated in charging one with a crime would not provide the accused with adequate protection but instead would deprive him of his constitutional right of due process of law. While in some instances an information couched in the words of the statute

may be sufficient because the statute itself is specific and definite (*People* v. *Taylor, supra; People* v. *Possing,* 137 Mich. 303), that is not true of the statute under which this defendant was prosecuted. Appellant is entitled to have the information in the instant case quashed and to be discharged. It is so ordered.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, STARR, WIEST, and BUTZEL, JJ., concurred.