## PEOPLE *v.* COSS

1. CRIMINAL LAW—CONSTITUTIONAL LAW—ASSISTANCE OF COUNSEL.
    Claim of defendant that he was denied his right to assistance of counsel *held*, without merit, where the trial judge dismissed defendant's court-appointed attorney after defendant expressed his desire to represent himself both at the trial of escape from prison charge and at supplemental proceedings on a habitual criminal charge (CLS 1961, §§ 750.193, 769.10).

2. CRIMINAL LAW—ESCAPE FROM PRISON—SECOND FELONY—SENTENCE.
    A sentence for escape from prison as a second felony may run consecutively with a sentence then being served (CLS 1961, §§ 750.193, 769.10).

3. CRIMINAL LAW—ESCAPE FROM PRISON—HABITUAL CRIMINAL—JURY.
    Defendant was not denied his right to a fair and impartial jury where the trial court sought to have the same jury that convicted him of escape from prison pass on a habitual criminal charge arising out of the escape from prison (CLS 1961, §§ 750.193, 769.10).

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law §§ 316, 317.
[2]  21 Am Jur 2d, Criminal Law §§ 140, 545.
    27 Am Jur 2d, Breaking, Escape, Prison and Rescue § 20.
[3]  39 Am Jur 2d, Habitual Criminals, Etc. § 1 *et seq.*
[4]  21 Am Jur 2d, Criminal Law § 441.

4. Criminal Law—Complaint—Information and Belief.

A complaint, based on information and belief of a complainant, is proper.

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 March 4, 1969, at Lansing. (Docket No. 4,602.) Decided July 29, 1969.

Terry W. Coss was convicted of escaping from prison and of being a second-felony offender. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Bruce A. Barton*, Prosecuting Attorney, for the people.

*Terry W. Coss, in propria persona.*

Before: J. H. Gillis, P. J., and Levin and Bronson, JJ.

J. H. Gillis, P. J. Defendant was convicted by a jury of escaping from prison.[1] Immediately after the jury returned the verdict on the above charge, defendant was charged with being a second-felony offender[2] and was convicted in a nonjury trial. Defendant was sentenced to 2-1/2 to 4-1/2 years in prison based on the supplemental charge contained in the information. The term was to run consecutively with the first sentence he was presently serving.

Defendant first contends that he was denied his right to counsel. The record shows that defendant moved to have his court-appointed counsel dismissed because he felt that his attorney was lax in the prep-

---

[1] CLS 1961, § 750.193 (Stat Ann 1962 Rev § 28.390).
[2] CLS 1961, § 769.10 (Stat Ann 1954 Rev § 28.1082).

aration of a defense.  The attorney stated that defendant was uncooperative and that there was strong disagreement between them as to the manner of preparing the defense.  The trial court dismissed the attorney after defendant expressed his desire to represent himself both at the trial of the escape charge and at the supplemental proceeding on the habitual criminal charge.  There was no denial of defendant's right to counsel.

Defendant's contention that the augmented sentence for escape as a second felony may not run consecutively with the sentence then being served is unfounded in the light of *People* v. *Shotwell* (1958), 352 Mich 42.  Nor does the record support defendant's alleged denial of his right to a speedy trial. Further, defendant's argument that he was denied his right to a fair and impartial jury when the trial court sought to have the same jury that convicted him pass on the habitual criminal charge was rejected in *People* v. *Stratton* (1968), 13 Mich App 350. See *People* v. *Spalding* (1969), 17 Mich App 73.

Defendant also contends that the statutory requirement[3] that every person charged with a felony shall, without unnecessary delay after arrest, be taken before a magistrate was contravened by his return to prison without an immediate arraignment. Defendant offers no authority for the proposition that the immediate return of an escaped inmate to prison violates the statute.  There was no error in the procedure.  See *People* v. *Nawrocki* (1967), 6 Mich App 46.

Defendant contends that the complaint and subsequent information were defective in that the prison supervisor of records who signed the complaint had no probable cause to believe that defendant had escaped.  Defendant argues that the supervisor

---

[3] CL 1948, § 764.26 (Stat Ann 1954 Rev § 28.885).

might have known that defendant was missing but could not know that he had escaped. The complaint, based on the information and belief of the complainant, was proper. *People* v. *France* (1963), 370 Mich 156.

Affirmed.

All concurred.