PEOPLE *v* CARRIGER

1. INDICTMENT AND INFORMATION—SUFFICIENCY—NARCOTICS—SALE.

   An information charging the defendant with the illegal possession and dispensation or sale of narcotics is sufficiently specific to give the defendant the notice required by due process even though the name of the purchaser is not stated where it contains the date and place of the alleged offenses, the name of the complainant, the detective who made the arrangements with the informer, the names of the *res gestae* witnesses, including the informer who made the purchase, the amount of narcotics sold, and the fact that the defendant did not have a license (MCLA 767.45).

2. CRIMINAL LAW—APPEAL AND ERROR—CROSS-APPEAL.

   Appeals in criminal matters are not subject to cross-appeals (GCR 1963, 807).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J.   Submitted Division 1 November 8, 1971, at Detroit.   (Docket No. 10311.)   Decided January 18, 1972.   Leave to appeal applied for.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 41.
[2] 4 Am Jur 2d, Appeal and Error § 177.

Vernon Carriger was charged with the possession and dispensation of narcotics without a license. Defendant's motion to quash the information granted. The people appeal by leave granted. Defendant cross-appeals. Defendant's cross-appeal dismissed. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for defendant.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This is an appeal by the people, upon leave granted, from the order of the trial judge quashing the information and dismissing the case against the defendant. The people assert that the trial court committed reversible error in quashing the information and seek that the trial court's order be reversed and the cause remanded so that the defendant might be held for trial on the charges set forth in the information.

On July 12, 1968, Jimmy L. Davis, a police informer, was given $60 by two Detroit police officers and was sent to the basement apartment at 281 East Elizabeth Street in Detroit, Michigan, for the express purpose of making a purchase of narcotics. While at that address Davis purchased 76.37 grains of heroin from the defendant. Defendant was arrested, the preliminary examination was held, and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant was bound over for trial in the Recorder's Court. An information was filed on August 26, 1968, in which defendant was charged in two counts, being: Count I, that he sold or dispensed 76.37 grains of heroin without a license contrary to MCLA 335-.152; MSA 18.1122, and Count II, that he possessed or had under his control 76.37 grains of heroin contrary to MCLA 335.153; MSA 18.1123. Subsequent to the preliminary examination, but prior to the trial date, the informer, Jimmy L. Davis, was murdered by a person or persons unknown to the authorities.

On the date on which the trial was scheduled, July 30, 1970, upon motion by the defendant, the trial judge dismissed the case without prejudice. The pertinent part of the defense motion is as follows:

"In this matter, your Honor, the information was filed August, 1968, alleging that the sale in question was made to Patrolman Thomas Taylor, naming him as the complaining witness, at 281 Epworth or Elizabeth, on July 12, 1968. I noticed within the information is the allegation that the sale was made by Mr. Jimmy L. Davis; however, the examination transcript reveals that the sale was made to Mr. Jimmy Davis, * * * ."

This statement is erroneous in two respects: (1) Thomas Taylor was listed as the complaining witness and a witness for the people, while Mr. Jimmy L. Davis was merely listed as a *res gestae* witness; and (2) the body of the information does not state to whom the sale was made.

Therefore, we are faced with the question of whether or not the trial judge committed reversible error in quashing Count I, where a purchaser was not named in the body of the information.

The general requirements of such an information are set forth in the Constitution of Michigan, by

statute, and by various decisions of the appellate courts. We find in Const 1963, art 1, § 20 the following language:

"In every criminal prosecution, the accused shall have the right * * * to be informed of the nature of the accusation * * * ."

The specific requirements of the contents of an information are set forth in MCLA 767.45; MSA 28-.985, which provides:

"The indictment or information shall contain:
"1. The nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged;
"2. The time of the offense as near as may be but no variance as to time shall be fatal unless time is of the essence of the offense.
"3. That the offense was committed in the county or within the jurisdiction of the court. But no verdict shall be set aside or a new trial granted by reason of failure to prove that the offense was so committed unless the accused have raised such question before the case is submitted to the jury."

We find further clarification in 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 348, p 427, in which the test of sufficiency of allegations is very well stated:

"In order that the accused may not be deprived of his constitutional right of due process of law, he is entitled to be proceeded against under an information which, with a fair degree of certainty, specifies the particular charge made against him and fixes the scope of prosecution, since such specification is essential to his preparation for trial, and also affords him protection of record from being twice placed in jeopardy for the same offense.

"The purpose of an information in a criminal case is to inform the defendant of the charge made against him. Such facts must be averred as will lead to a necessary conclusion of guilt, if admitted, without consideration of any allegations of guilt.

"The sufficiency of an information cannot be tested by and does not depend upon the proofs. It either is, or is not, upon its face, a good information."

In light of the foregoing authority, we would first observe that Thomas Taylor, the detective who made the arrangements with the informer, is listed in the complaint as the complainant and complaining witness. This means that this instrument was based upon information and belief. That is entirely proper and legal under the circumstances. See 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 175, p 209; *People* v *Andriacci,* 11 Mich App 482 (1968); *People* v *Linscott,* 14 Mich App 334 (1968); *People* v *Hosack,* 16 Mich App 552 (1969); and *People* v *Coss,* 18 Mich App 419 (1969).

The defendant relies very largely upon *People* v *Hernandez,* 15 Mich App 141 (1968), in which the defendant, an uneducated man who could not read or write English, sold a certain quantity of narcotics to an Alma Silva, who was acting as the purchaser in behalf of a Federal agent. When the information was drafted it stated that the narcotics were sold to the complainant, the Federal agent. This Court held that such complaint and information was insufficient if the evidence showed that the defendant was not ever cognizant of the agent. Under those circumstances we agree with that decision. In the case at bar, however, the complaint and information did not charge the defendant with selling narcotics to the complainant. Therefore, we feel that *Hernandez* does not apply to the present situation.

Further, it should be noted that the *Hernandez* decision was based upon *People* v *Brown,* 299 Mich 1 (1941), which involves a liquor prosecution in which the statute contained 73 different sections. It was held, and properly so, that the information should be very definite in order to apprise the defendant of the charges being filed against him. The Court in *Brown, supra,* 4 held:

"He is entitled to be proceeded against under an information which with a fair degree of certainty specifies the particular charge made against him and which fixes the scope of the prosecution."

Examination of the information brought in the instant case reveals that the date and place of the alleged offense, the names of the *res gestae* witnesses, including the informer, the amount of heroin sold, and the fact that the defendant did not have a license were all set forth. The fact that the name of the purchaser was not stated in the body of the information could in no way prejudice the rights of the said defendant.

Further, it should be pointed out that under the Federal narcotic drug act it is generally unnecessary to name the purchaser or informer, as the name of this person is not an essential element of the offense. *Lewis* v *United States,* 340 F2d 678 (CA8, 1965); *Hackett* v *United States,* 348 F2d 883 (CA6, 1965); *Bush* v *United States,* 338 F2d 400 (CA9, 1965); and *United States* v *Dickerson,* 337 F2d 343 (CA6, 1964). It would appear that the reasoning of the Federal courts in this regard is appropriate to the Michigan statutory offense.

If dissatisfied with the apparent details, the defedendant could have taken advantage of MCLA 767-.44; MSA 28.984, which provides:

"The prosecuting attorney, if seasonably requested by the respondent, shall furnish a bill of particulars setting up specifically the nature of the offense charged."

This the defendant failed to do.

Since the information was complete and regular on its face and sufficiently set forth the nature of the charges being brought, it was reversible error for the trial court to quash the information and dismiss the case against the defendant. Since the holding set forth above is equally applicable to Count II, the information as to both counts should be reinstated.

While the holding above is determinative of the issue raised by the appellant, we find it necessary to rule upon a procedural question raised by this appeal. Within 20 days after the people filed their claim of appeal pursuant to our grant of leave, defendant filed a claim of cross-appeal. The people filed a motion to dismiss defendant's cross-appeal. The question is thus whether the defendant has a right of cross-appeal by virtue of GCR 1963, 807.

Although there is some doubt whether this question is a proper subject matter for review at this juncture of the case, we deem it necessary to reach the question in light of the August 6, 1971 order of this Court with regard to the people's motion to dismiss, wherein the Court said:

"It is ordered that decision on the motion to dismiss be, and the same is hereby adjourned, to be determined by the panel of the Court to which the cause is submitted."

GCR 1963, 807.1 provides:

"Right to Cross-Appeal. When an appeal is taken to the Court of Appeals and any other party in a

civil action desires to appeal, he may take a cross-appeal   *   *   *   ."

GCR 1963, 807.2 continues in the same vein with regards to grants of leave to appeal:

"Leave to appeal granted to appellant shall vest appellee, in civil cases, with the right to a cross-appeal which may be taken by filing,   *   *   *   ."

GCR 1963, 807.3 provides, in part:

"Where there is more than 1 party plaintiff or defendant and any 1 party appeals upon leave granted, each of the other parties to the case except the people in criminal proceedings,   *   *   *   ."

While GCR 1963, 807.3 is not applicable here since it deals with multiple parties, it is of significance since it evidences a clear intent to deny cross-appeals in criminal proceedings. Similarly, subsections 1 and 2 of the rule evidence a clear intent that the right of cross-appeal is limited to civil cases.

The tenor of the language of GCR 1963, 807 clearly evidences the intent of the rule; therefore, any other interpretation of the language would literally destroy the clear meaning of the words used in the rule. Since under prior practice cross-appeals were available to any party[1], the language limiting cross-appeals to civil matters clearly indicates an intent that appeals in criminal matters are not now subject to cross-appeals. Accordingly, the people's motion to dismiss defendant's cross-appeal is hereby granted.

---

[1] Court Rule No 61, § 1 (1945) provided:

"When an appeal is taken to the Supreme Court and any other party desires to appeal, he may take a cross-appeal in the same manner and under the same rules and practice as in the case of an original appeal   *   *   *   ."

Reversed and remanded to Detroit Recorder's Court for proceedings not inconsistent with this opinion.

All concurred.