PEOPLE v COVINGTON

Docket No. 63206. Submitted April 14, 1983, at Detroit.—Decided
February 7, 1984.

Joseph Covington, an attorney, was assigned to represent an
indigent defendant, Tyrone Lake. Lake had been charged with
four offenses. The prosecutor, outsidé the presence of Lake,
informed Covington that two of the charges would be dismissed
if Lake would plead guilty to the other two charges. Covington
thereafter talked to Lake and allegedly asked Lake how much
Lake would pay if Convington could get the charges reduced
from life to a year's probation. When Lake replied that he
would pay anything, Covington allegedly told Lake that for
$2,000 he could get the charges knocked off and the sentence
reduced to a year's probation. Lake informed the police of
Convington's offer. The police, pursuant to a search warrant,
monitored a subsequent conversation between Lake and Cov-
ington at which Covington told Lake that he was going to call
his man and get two of the charges dismissed. Lake gave
Covington $800 which had been supplied by the police. Coving-
ton was charged with obtaining money under false pretenses
and, after a preliminary examination, was bound over for trial
on that charge. Defendant moved to quash the information.
The trial court, Recorder's Court of Detroit, Donald L. Hobson,
J., in response to the motion to quash ordered that the informa-
tion be amended to charge attempted obtaining money over
$100 by false pretenses. Defendant moved for a rehearing of

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 744, 746, 748.
[2] 5 Am Jur 2d, Appeal and Error § 759.
[3] 41 Am Jur 2d, Indictments and Informations §§ 171, 204.
[4, 6, 8] 32 Am Jur 2d, False Pretenses §§ 60, 63.
    41 Am Jur 2d, Indictments and Informations §§ 69, 89.
[5, 7, 11] 4 Am Jur 2d, Appeal and Error § 164.
    5 Am Jur 2d, Appeal and Error § 545.
    41 Am Jur 2d, Indictments and Informations § 88.
[9] 41 Am Jur 2d, Indictments and Informations §§ 159-163.
    Right of accused to bill of particulars. 5 ALR2d 444.
[10] 41 Am Jur 2d, Indictments and Informations § 88.

the motion to quash and Judge Hobson granted the motion to quash. The prosecution appealed. The Court of Appeals reversed and remanded for trial on the attempted false pretenses charge, holding that there had been sufficient evidence adduced at the preliminary examination to support the magistrate's binding defendant over. Docket No. 77-3988, October 17, 1979 (unpublished). The Supreme Court denied defendant's application for leave to appeal. 409 Mich 918 (1980). On remand, defendant was convicted of attempting to obtain money over $100 by false pretenses following a bench trial before Clarice Jobes, J. Defendant appeals, claiming that the language of the amended information was insufficient to charge a crime. *Held:*

1. Review of the question raised by defendant relative to the language of the information is not barred by the law of the case doctrine. The prior appeal focused on the sufficiency of the evidence adduced at the preliminary examination, while the present appeal is concerned with the language of the information. Since the question in the prior appeal is not the same as the question in this case, the law of the case doctrine does not apply.

2. The general averment in the information that defendant's representation was a false pretense was sufficient to satisfy the due process right of defendant to be apprised of the charge being brought against him. Since defendant made no objection to the language of the information in the trial court, reversal would be appropriate only upon a showing of manifest injustice. Because any defect in the information could have been corrected by amendment of the information had a timely objection been made, manifest injustice has not been shown.

3. The information properly charged a misrepresentation of an existing fact.

Affirmed.

R. M. MAHER, J., concurred. He would hold that the alleged defect in the language of the information did not deprive the trial court of jurisdiction. To the extent that the language of the information could have been more specific, the issue has not been properly preserved, since the defendant neither made a motion for a bill of particulars nor objected to the language of the information in the trial court and there has been no showing of manifest injustice.

OPINION OF THE COURT

1. APPEAL — LAW OF THE CASE.

A prior ruling of the Court of Appeals concerning the same

question in the same case becomes the law of the case and is controlling in any subsequent appeal to the Court of Appeals; however, the law of the case doctrine is not applicable where the issue raised in the subsequent appeal is not precisely the same question raised in the prior appeal.

2. APPEAL — LAW OF THE CASE — PRELIMINARY EXAMINATIONS — EVIDENCE — INFORMATIONS.

Reversal by the Court of Appeals of a trial court's quashing of an information on the basis that there was not sufficient evidence adduced at the preliminary examination to support the magistrate's binding over the defendant does not preclude the defendant from raising, in a subsequent appeal to the Court of Appeals, the issue of whether the information filed by the prosecution was sufficient to apprise the defendant of the nature of the charges being brought, since the resolution of the question of the sufficiency of the evidence at the preliminary examination does not resolve the question of the sufficiency of the language of the information and, accordingly, the doctrine of the law of the case is not applicable.

3. INDICTMENT AND INFORMATION — AMENDMENT OF INFORMATION — SUFFICIENCY OF INFORMATIONS — CRIMINAL LAW.

An information may be amended to cure a defect where the accused is not prejudiced by the amendment; the accused is not prejudiced by an amendment to an information where the original information was sufficient to inform the accused and the court of the nature of the charge (MCL 767.76; MSA 28.1016).

4. INDICTMENT AND INFORMATION — SUFFICIENCY OF INFORMATIONS — DUE PROCESS.

An information charging the accused with attempting to obtain money by false pretenses which contains a general averment that the representation by the accused constituted a false pretense is sufficient to satisfy the due process right of the accused to be apprised of the nature of the charges being brought against the accused.

5. INDICTMENT AND INFORMATION — APPEAL — MANIFEST INJUSTICE.

The Court of Appeals will not reverse a criminal conviction on the basis of a defect in the information where the accused has failed to raise in the trial court the question of the defect unless manifest injustice has been shown to have resulted from the defect in the information; manifest injustice is not shown where the defect in the information could have been cured by

amending the information had a timely objection been made in the trial court (MCL 767.76; MSA 28.1016).

CONCURRENCE BY R. M. MAHER, J.

6. INDICTMENT AND INFORMATION — CONSTITUTIONAL LAW — SUFFICIENCY OF INFORMATIONS.

*A criminal defendant has the constitutional right to be informed of the nature and cause of the accusation against him; an information must sufficiently identify the nature of the offense so that conviction or acquittal of the charge would bar a subsequent charge for the same offense and must sufficiently notify the defendant of the nature and the character of the crime with which he is charged so as to enable him to prepare his defense (US Const, Am VI; Const 1963, art 1, § 20).*

7. INDICTMENT AND INFORMATION — APPEAL — PRESERVING QUESTION — JURISDICTION — MANIFEST INJUSTICE.

*An accused usually must object to deficiencies in an information before trial commences; however, appellate courts will reverse a conviction on the basis of a deficiency in the information despite the failure of the accused to raise a timely objection where the information failed to confer jurisdiction upon the trial court or where manifest injustice results from the deficiency in the information.*

8. INDICTMENT AND INFORMATION — FALSE PRETENSES — SUFFICIENCY OF INFORMATIONS — JURISDICTION.

*An information charging an accused with obtaining money by false pretenses which fails to allege that the representation by the accused was in fact false is defective; however, that defect in the information is not a defect which prevents jurisdiction from being conferred upon the trial court.*

9. INDICTMENT AND INFORMATION — SUFFICIENCY OF INFORMATIONS — STATUTORY LANGUAGE — BILL OF PARTICULARS.

*An information using the words of the statute will generally be deemed to have sufficient specificity; a demand for a bill of particulars is a proper remedy for an accused who is concerned with the lack of specificity of an information.*

10. INDICTMENT AND INFORMATION — SUFFICIENCY OF INFORMATIONS — STATUTORY REFERENCES.

*Reference in a criminal information to the statute under which the accused is being charged is, by itself, sufficient to confer jurisdiction on the trial court.*

11. INDICTMENT AND INFORMATION — SUFFICIENCY OF INFORMATIONS
    — MANIFEST INJUSTICE.

   *The failure to set forth in a criminal information the nature of the charge being brought with sufficient specificity will not be deemed to have resulted in manifest injustice so as to mandate an appellate remedy in the absence of a timely objection in the trial court where, given all the circumstances, it cannot be said that the defect in the information misled the accused or that the accused was not aware of the nature of the charges being brought.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: T. M. BURNS, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. Defendant was convicted following a bench trial of attempting to obtain money over $100 by false pretenses, MCL 750.92, 750.218; MSA 28.287, 28.415. He was sentenced to one year of probation, nonreporting, and appeals as of right.

Defendant, an attorney, was assigned to represent an indigent defendant, Tyrone Lake, who was charged with four offenses. A pretrial negotiation was held on December 17, 1976, in which Lake did not participate. The assistant prosecuting attorney told defendant that if Lake would plead guilty to two of the charged offenses within 30 days the other two would be dismissed. According to the testimony of Lake, defendant then approached Lake, who had been waiting in the hallway, and asked him how much he would pay to get the sentence on one of the charges reduced from life to

a year's probation. Lake replied, "Anything." Defendant then allegedly said: "If I had two thousand dollars, then I could get that reduced down, the charges knocked off, the life sentence knocked off and reduced down to a year's probation." Shortly after this conversation, Lake went to the police. A search warrant was obtained authorizing a wiretap of defendant's office and home phones. Another search warrant was obtained authorizing participant monitoring. The police then taped a meeting between Lake and defendant on December 29, 1976. At that meeting, Lake gave defendant $800 supplied by the police. At one point defendant said: "I'm going to call and ask my man if we can drop those charges, get those charges, the two I told you about." Shortly thereafter, defendant was arrested.

Defendant was originally charged with one count of obtaining money by false pretenses, MCL 750.218; MSA 28.415, and, after. a preliminary examination, he was bound over for trial on that charge. In response to defendant's motion to quash the information, the trial court ordered that the information be amended to charge attempt to obtain money over $100 by false pretenses. Defendant then moved for rehearing on this motion to quash. The trial court granted the motion. The people then appealed to this Court. In an unpublished per curiam opinion, Docket No. 77-3988, decided October 17, 1979, this Court reversed and reinstated the information charging attempt. Defendant was then tried before the court sitting without a jury, resulting in his conviction.

Defendant contends that the amended information was defective because it did not charge a crime. The amended information stated that defendant:

"Did attempt to obtain money of the value of over $100 designedly and with intent to defraud or cheat the above-named complainant by a false pretense, to wit: the representation that the claim or representation that he could procure the dismissal of certain criminal charges and obtain a sentence of probation on other criminal charges, then pending against complainant in Recorder's Court Case No. 76-09788, if complainant would pay a substantial sum of money, contrary to sec. 750.218, MCL."

Initially, we address the people's argument that the "law of the case" doctrine bars our review of the above claim. In *People v Stinson,* 113 Mich App 719, 730; 318 NW2d 513 (1982), *lv den* 417 Mich 957 (1983), this Court said:

"Where a prior ruling of this Court concerns the same question of law in the same case, the doctrine of the law of the case applies and the prior ruling is controlling."

The people maintain that our prior ruling reversing the trial court's order quashing the information controls our decision on defendant's challenge to the information on this appeal. We disagree. The question involved in the earlier appeal was whether the examining magistrate abused his discretion in binding the defendant over on the charge of obtaining money over $100 by false pretenses. This Court concluded that there was enough evidence to support the bind-over. The issue in this appeal, however, does not involve the bind-over. Rather, it challenges the information on its face without reference to the evidence received at the preliminary examination. As the Supreme Court said in *People v Webb,* 127 Mich 29, 31; 86 NW 406 (1901):

"The sufficiency of an information does not depend

upon the proofs. It either is or is not, upon its face, a good information".

Inasmuch as the question of law resolved in the first appeal is not now before us, the law of the case doctrine does not apply.

Defendant desires that we reverse his conviction because the information failed to set forth facts which would, if proven, establish the falsity of the representation. We do not find that this omission rendered the information fatally defective or that reversal of defendant's conviction is warranted.

A defect in an information may be amendable upon proper and timely objection by a defendant. MCL 767.76; MSA 28.1016; *People v Fuzi*, 46 Mich App 204, 209-210; 208 NW2d 47 (1973). The controlling question is whether such an amendment would be prejudicial to the accused. *Fuzi, supra.* A defendant is not prejudiced by an amendment to the information to cure a defect in the offense charged where the original information was sufficient to inform the defendant and the court of the nature of the charge. *People v Mahone,* 97 Mich App 192, 195; 293 NW2d 618 (1980); *People v Corbeil,* 77 Mich App 691; 259 NW2d 193 (1977). Here the information, containing a general averment that the representation constituted a false pretense, was sufficient to satisfy defendant's due process right to be apprised of the charges he was called upon to defend against. *Cf. People v Mast,* 126 Mich App 658; 337 NW2d 619 (1983).

Since defendant's objection to this defect in the information was not raised below, reversal would be appropriate only if a manifest injustice resulted from the defect. MCL 767.76; MSA 28.1016; *People v Mast (On Rehearing),* 128 Mich App 613; 341 NW2d 117 (1983); *People v Laslo,* 78 Mich App 257, 261-262; 259 NW2d 448 (1977). Because the

defect could have been corrected by amendment upon timely objection, we perceive no such injustice.

Defendant's remaining arguments require little discussion. Other defects in the information cited by defendant were similarly not raised below and are hence not preserved for appeal. The representation set forth in the information was one of existing fact, as is correctly discerned in the concurring opinion. The trial court's findings of fact were adequate, and defendant was found to have employed the same false pretense alleged in the information.

Affirmed.

R. M. MAHER, J. *(concurring).* I am writing separately to clarify my position in *People v Mast (On Rehearing),* 128 Mich App 613; 341 NW2d 117 (1983). In *Mast,* I held that, although the defendant had failed to object to the information until his appeal, his conviction should nevertheless have been reversed. I believe the opposite result is warranted in the present case for the following reasons.

A defendant has the right "to be informed of the nature of the accusation". Const 1963, art 1, § 20; *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975). The information must, "with a fair degree of certainty", specify the particular charge made against the accused. *People v Brown,* 299 Mich 1, 4; 299 NW 784 (1941). Therefore:

"Such facts must be averred that, if admitted, would constitute the offense and establish the guilt of the accused. The elements of the offense must be so stated that he can know what he is to meet and prepare for his defense." *People v Quider,* 172 Mich 280, 285-286; 137 NW 546 (1912).

An information must be specific for two reasons: it affords the defendant due notice of the charges against him and protection against double jeopardy should he be retried. *People v Brown, supra; People v Girardin,* 1 Mich 90, 91 (1848). However, despite these important interests, a defendant must usually object to the deficiencies in an information before trial. MCL 767.76; MSA 28.1016; *People v Southwick,* 272 Mich 258; 261 NW 320 (1935); *People v Swindlehurst,* 120 Mich App 606; 328 NW2d 92 (1982), *lv den* 417 Mich 900 (1983). The reason behind this requirement is clear—a defect in an information can usually be cured if the objection is raised before trial. See *United States ex rel Burgess v Johnson,* 323 F Supp 72, 74 (ED Mich, 1971). Permitting objection after trial has begun (when jeopardy has attached) would permit a defendant to "sandbag" the court (often on little more than a technicality which has little to do with the defendant's actual defense). See *People v Sims,* 257 Mich 478, 481; 241 NW 247 (1932).

However, appellate courts will reverse a conviction in two situations although a defendant has failed to raise a timely objection: where the information failed to grant the circuit court jurisdiction, *People v Calvin,* 60 Mich 113, 119-120; 26 NW 851 (1886); *United States v Leach,* 291 F 788 (ED Mich, 1923); 42 CJS, Indictments and Informations, § 307, and where manifest injustice would otherwise result. *People v Laslo,* 78 Mich App 257, 261-262; 259 NW2d 448 (1977).

In this case, defendant argues that reversal is required despite his lack of timely objection both because the information failed to charge a crime, and so failed to confer jurisdiction on the circuit court, and because it failed to adequately give him notice of the crime charged against him.

Defendant was charged with attempting to obtain money over $100 by false pretenses. The information averred that the defendant claimed that he "could procure the dismissal of certain criminal charges and obtain a sentence of probation on other criminal charges then pending against the complainant * * * if complainant would pay a substantial sum of money". It alleged, in other words, that defendant claimed that payment of the money was a prerequisite for obtaining both the dismissals and the sentence reduction. Defendant now argues that the false representation alleged in this information merely charged misrepresentation of some future event or fact rather than of an existing or past event, as required by law. *People v Cage,* 410 Mich 401; 301 NW2d 819 (1981); *People v Widmayer,* 265 Mich 547, 550; 251 NW 540 (1933). I disagree with defendant; this representation concerns an existing fact, and in this respect, charges a crime.

The information is nevertheless defective, however. It does not allege that this particular representation was *false in fact:* "It being, therefore, necessary to prove the falsity of the pretense, it is necessary to aver it in the information." *People v Reynolds,* 71 Mich 343, 348; 38 NW 923 (1888). See, also, *People v Behee,* 90 Mich 356; 51 NW 515 (1892). This defect, however, does not prevent the information from conferring jurisdiction on the circuit court. The statute under which defendant was charged, MCL 750.218; MSA 28.415, forbids intentionally obtaining another person's property through false pretenses. *People v Lee,* 259 Mich 355; 243 NW 227 (1932). The information in this case alleged the two elements necessary for attempted false pretenses—the intent to defraud and the false pretenses made. It stated that defendant

"did attempt to * * * defraud * * * by a false pretense". In essence, this information merely failed to identify with sufficient specificity the particular false pretense used. Specificity is not a jurisdictional defect, and the failure to object waives the issue. *Case v United States,* 6 F2d 530 (CA 9, 1925); *State v Puryear,* 121 Ariz 359; 590 P2d 475 (1979); *People v Jackson,* 88 Cal App 3d 490; 151 Cal Rptr 688 (1978); *State v Cooper,* 169 Iowa 571; 151 NW 835 (1915); 41 Am Jur 2d, Indictments and Informations, §§ 299-301, 1065-1067; 42 CJS, Indictments and Informations, § 301, pp 1330-1331. In addition, I note that the information in effect charged defendant in the words of the statute. Such a charge is generally sufficient. *People v Ochotski,* 115 Mich 601; 73 NW 889 (1898). If defendant had truly been concerned about the lack of specificity in the information, he could have demanded a bill of particulars. *Durland v United States,* 161 US 306; 16 S Ct 508; 40 L Ed 709 (1896); *People v Carriger,* 37 Mich App 605; 195 NW2d 25 (1972), *lv den* 388 Mich 812 (1972); 41 Am Jur 2d, Indictments and Informations, § 303, p 1068.

Finally, even if the body of the information did not sufficiently charge a crime, this information still conferred jurisdiction on the circuit court because it referred defendant to the statute under which he was charged, "sec. 750.218, MCL". Although the statutory number has often been characterized as mere surplusage in the information, *e.g., People v Freedland,* 308 Mich 449; 14 NW2d 62 (1944), by itself it sufficiently confers jurisdiction on the trial court. *People v Igaz,* 119 Mich App 172, 195; 326 NW2d 420 (1982), *lv den* 414 Mich 963 (1982); *People v Corbeil,* 77 Mich App 691, 701; 259 NW2d 193 (1977). The narrow issue

of jurisdiction is distinct from those of due process and adequate notice.

Defendant supplements his jurisdictional argument with a claim that the information was so defective that, despite his failure to object, manifest injustice will result if we do not reverse his conviction. As mentioned earlier, appellate courts will occasionally reverse a conviction for manifest injustice even where a defendant has not objected to a defective information. In *People v Maki,* 245 Mich 455; 223 NW 70 (1929), the defendant was charged with one count of involuntary manslaughter.[1] The information charged (1) that he "was driving at an unreasonable and unlawful rate of speed, (2) that he was driving without having his car under control, (3) that he was driving on the highway while intoxicated, and (4) that he did wilfully, etc., drive his automobile against the automobile of said Larson in a reckless and careless manner and thereby caused the latter's death". 245 Mich 457. After finding that the evidence had not proven any of the first three allegations, the trial court instructed the jury that the prosecution claimed that the defendant had driven on the wrong side of the road. Because the last charge in the information was so extremely general that, in effect, the prosecution's theory had been completely changed, manifest injustice was found despite no timely objection: "The State should not be permitted to lie in wait for an accused." 245 Mich 474. In effect, the defendant was tried even though he did not know the charge against him.

Because I believed that the information in *Mast (On Rehearing), supra,* was so vague (and thus resembled *Maki)* that I believed that the defendant

---

[1] The defendant in *Maki* was convicted of negligent homicide.

could not have known and understood the nature of the fraud charges against him, I voted to reverse. However, like the majority, I do not find manifest injustice in the present case.

Manifest injustice will not be found merely because an important right has been violated. However, under some circumstances, it will be found even if a timely objection could have cured the defect. In the present case, it will be found only if defendant was so misled by the information (or the lack of specificity) that his defense was actually severely hampered. I cannot believe this occurred here. First, defendant does not allege this on appeal. Second, defendant is himself an attorney—he should have known about criminal discovery and his right to demand a bill of particulars. Finally, not only did he have a preliminary examination,[2] but his first appeal to this Court dealt with the sufficiency of the evidence at the preliminary examination. I cannot believe that defendant did not actually know the charges against him, and therefore cannot believe that he was prejudiced at trial.

[2] The defendant in *Maki* waived his preliminary examination. 245 Mich 459.