961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brian Matthew HURST, Petitioner-Appellant.
v.
John JABE, Respondent-Appellee.
 No. 91-1427.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1992.
 
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner, Brian Hurst, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the reasons set forth in the district court opinion and herein, the district court's decision is AFFIRMED.
 
 I.
 
 2
 In May, 1980, Hurst was convicted of first degree murder and sentenced to life imprisonment. After exhausting his state court remedies in the Michigan courts, Hurst filed this petition in the district court, alleging the following: (1) a double jeopardy violation occurred when the trial court allowed the prosecutor to amend the information during trial: (2) the admission of his co-defendant's statement violated his right of confrontation: and (3) counsel was ineffective.
 
 
 3
 Hurst and his co-defendant, Robert Peterson, were jointly tried and convicted of first degree murder during the perpetration of a larceny, which resulted in the death of Alvin Rosser. The original complaint charged Hurst and Peterson with first degree murder during the perpetration of a larceny. However, after a preliminary examination, they were charged with first degree murder during the perpetration of an extortion. During the trial, the court granted the prosecution's motion to amend the information to the original charge. Hurst and Peterson elected to discharge the jury, pursuant to Mich.Comp.Laws Ann. § 767.67 and Mich.Stat.Ann. § 28.1016, and the trial court granted their motion for a mistrial.
 
 
 4
 On retrial, Hurst and Peterson were tried jointly on the amended information. Several witnesses testified that, on the day of the murder, they saw four men at Rosser's apartment complex with guns and bats. In addition, a post-arrest statement made by Peterson to Investigating Officer John Loy was introduced into evidence over defense objections.
 
 II.
 
 5
 Hurst's claim that his Fifth Amendment right against Double Jeopardy was violated is without merit for three reasons. First, judicial or prosecutorial errors which do not "force" the defendant to request a mistrial do not constitute misconduct warranting jeopardy. See United States v. Dinitz, 424 U.S. 600, 608-610 (1976). Second, Michigan law allows amendments to an information upon which the defendant is entitled to discharge the jury, but "the accused shall not be deemed to have been in jeopardy." Mich.Comp.Laws Ann. § 767.67 and Mich.Stat.Ann. § 28.1016. Third, the state appellate court properly held that jeopardy did not attach to Hurst's first trial, and this factual determination is entitled to a presumption of correctness. 28 U.S.C. § 2254(d); see Sumner v. Mata, 455 U.S. 591, 592 (1982).
 
 
 6
 Moreover, Hurst was not deprived of primary control of the course to be followed at trial. Instead, he elected to discharge the jury and move for a mistrial. As Hurst provided no evidence of misconduct by the judge or prosecutor intending to provoke him into moving for a mistrial, the second trial is not barred by the double jeopardy clause. See Oregon v. Kennedy, 456 U.S. 667 (1982). Further, as Hurst was convicted of the charge in the original complaint, he had notice of the nature of the complaint against him, so he could develop a proper defense. Thus, he was not prejudiced by this amendment. See People v. Covington, 346 N.W.2d 903, 904 (Mich.Ct.App.1984).
 
 
 7
 Hurst's claim that his Sixth Amendment right of confrontation was violated is also without merit. If there was error it was harmless. See Harrington v. California, 395 U.S. 250, 254 (1969). The victim of the homicide was killed by blows from a heavy oblong object (like a baseball bat). A baseball bat with human blood thereon was seized from an apartment of co-defendants Young and Lindsev. Three corroborating eyewitnesses identified Hurst as one of the four men at the apartment the day Rosser was killed. Although the confession of Peterson should not have been admitted under present law, Cruz v. New York, 481 U.S. 186 (1987), it was admissible at the time of the trial under Parker v. Randolph, 442 U.S. 62 (1979). Nevertheless, Peterson's confession added little against Hurst that he had not already said in his statement. The only mention of Hurst in Peterson's statement was that Hurst was at Lindsev's house before all the men went to the victim's apartment and that Hurst rode with the others to the apartment. He also mentioned that all of them except "Tim" had a baseball bat in the apartment. Nothing in the confession suggested Hurst either hit the victim with the bat or took the victim's money. Hurst's statement admitted all of this except that Hurst denied he had a baseball bat in the apartment. One witness identified Hurst as a man who had a gun in the building, and another said a man with a complexion similar to Hurst's got out of a car with a baseball bat near the building. As any error in allowing Peterson's confession to be admitted is harmless, we need not determine whether Cruz applies retroactively.
 
 
 8
 Finally, Hurst's ineffective assistance of counsel claim is also without merit. See Strickland v. Washington, 466 U.S. 668 (1974). Hurst's attorneys' actions were reasonably competent in that they: (1) strenuously objected to the amendment by the prosecution and moved to discharge the jury; (2) moved to suppress the confession made by Peterson; (3) moved to sever the trials, and (4) appealed the case. Hurst's generalized claim of ineffective assistance of counsel, without any particularized acts or omissions, is insufficient for a court to determine ineffective assistance of counsel.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Frank J. Battisti, United States District Judge for the Northern District of Ohio, sitting by designation